Argued at Pendleton May 5; affirmed May 27, 1941

# SHAW *v.* PACIFIC SUPPLY COOPERATIVE ET AL.

(113 P. (2d) 627)

Before KELLY, Chief Justice, and BAILEY, LUSK and RAND, Associate Justices.

*A. S. Grant*, of Baker (Heilner, Smith, Grant & Fuchs, of Baker, on the brief), for appellants.

*Blaine Hallock*, of Baker (Hallock, Donald & Banta, of Baker, on the brief), for respondent.

LUSK, J. While operating his automobile the plaintiff was injured in a collision with a truck and gasoline tank trailer operated by the defendants. A jury awarded the plaintiff a verdict, and the defendants have appealed from the consequent judgment.

It is contended that the trial judge erroneously submitted to the jury the question of damages for impairment to the plaintiff's earning capacity. The basis of this contention is that there is no evidence of such impairment. The plaintiff is a farmer in Union county. He does not own his farm but leases it, and had been accustomed to perform all the usual kinds of farm work. He was 55 years old at the time of his injury and a strong man in good health. His approximate gross income from his farm operation had been $6,000 a year, and his approximate net income $3,000 a year. He alleged, and introduced evidence tending to prove, that he was permanently injured as the result of the defendants' negligence, and was wholly unable thereafter to perform manual or physical labor. His life expectancy was shown. Briefly stated, the argument of defendants' counsel is that, since the only claim of permanent injury is that the plaintiff has been disabled from performing physical and manual labor, the measure of his damage for impaired earning capacity would be what it would cost him to hire a man to do his work, and that, as proof of such cost is lacking, the extent of the damage is wholly conjectural.

We do not agree. Impaired earning capacity differs from loss of earnings. The latter looks to the past, must be specially pleaded, and the amount of the loss ordinarily is capable of fairly definite ascertainment. The former is a direct and natural consequence of a disabling injury, and therefore comes under the head

of general damages which need not be specially alleged. It is concerned with "what a man would be able to earn in the future and his capacity to 'make good' ", *Brown v. O.-W. R. & N. Co.*, 63 Or. 396, 407, 128 P. 38. What he has been able to accomplish in the past is an element which may throw light on what he would have been able to earn in the future had his ability to work not been destroyed by the injury. That, however, is not the measure of his loss but only evidence which may aid the jury in determining its extent. Nor in the present case would the cost of hiring a man to perform the tasks which the plaintiff could no longer perform be the measure of his loss. It would perhaps have been competent evidence to be considered along with other factors such as the plaintiff's previous earnings, his age, experience, health, strength and habits of industry, and his expectancy of life—all of which were shown in the instant case. But there is no rule of law nor principle of human experience, of which we are advised, which tells us that a farmer's earning capacity is merely the equivalent of what it would have cost him to hire another to work in his place. One putting his own brawn and muscle and energy into the forwarding of his own enterprise may achieve results far greater than he could ever hope for from the effort of a laborer working for a wage. Certainly, he is impelled by a stronger incentive. The true doctrine, and the one which finds support in our decisions, is that there are no precise rules by which to measure such a loss in every case, that it can only be approximated, and that the question is peculiarly one for a jury, to be determined in view of the facts proven and in accordance with their common knowledge and experience; though the evidence, of course, must furnish a basis for the determination. The defendants, had they so desired, by cross-examina-

tion could have developed the amount of the plaintiff's investment in farm equipment, livestock, etc. They could have shown the cost of hiring a farm hand, but they did not choose to do so. Limiting instructions based on the peculiar facts of the case would no doubt have been proper, but none were asked for. But the evidence adduced was, in our opinion, and under the adjudicated cases, sufficient to authorize the jury to make an allowance for impaired earning capacity as a part of the plaintiff's general damages. We have examined all the decisions cited by the defendants, but think that no useful purpose will be served by analyzing them in this opinion. In some of them the questions of impaired earning capacity and loss of earnings seem to be confused. Others seem to support the defendants' position, but are contrary to what this court has heretofore held. Our conclusion is amply supported by the following authorities: *Adskim v. O.-W. R. & N. Co.*, 134 Or. 574, 294 P. 605; *Davis v. Springer*, 128 Or. 582, 275 P. 600; *Sigel v. Portland Ry. L. & P. Co.*, 67 Or. 285, 135 P. 866; *Brown v. O.-W. R. & N. Co.*, supra; *Louisville & N. R. Co. v. Burns*, 242 Fed. 411; *Detroit, M. & T. S. L. Ry. v. Kimball*, 211 Fed. 633; *International & G. N. R. Co. v. Edwards*, (Tex. Civ. App.) 91 S. W. 640; *Chicago, R. I. & P. Ry. Co. v. Posten*, 59 Kan. 449, 53 P. 465; *Florence & C. C. R. Co. v. Kerr*, 59 Colo. 539, 151 P. 439; 15 Am. Jur. 501-505, §§ 91-94; 4 Restatement Torts 634, d.

██ Over defendants' objections testimony was admitted tending to show that as a result of his injury plaintiff had become a depressed and melancholy individual where formerly he had been cheerful and alert. These objections were on the ground that the evidence was not within the pleadings and consisted of the opin-

ions of witnesses. Neither objection has merit. The complaint alleged and the proof showed that plaintiff sustained a concussion of the brain, and there was medical testimony that melancholia and depression following an injury are symptomatic of concussion. And it is too well settled to require citation of authority that in a case of this kind a witness may testify to his observations of the external manifestations of a person's physical and mental condition.

 Complaint is made of rulings of the circuit court on objections by the defendants to portions of the closing arguments of counsel for the plaintiff. The court sustained two of the objections, and directed the jury to disregard the offending statements. Two other objections were overruled, but no exceptions were taken to the rulings. The record, therefore, presents no reviewable question. We do not wish to be understood as approving the type of argument which the trial court thought unobjectionable. It was not proper, in our opinion, to suggest to the jury that the defendants' truck might have collided with a school bus, nor to compare the defendants' conduct to the slaughter of men by machines in Europe. That was not counsel's language, but it was the implication of what was said. The defendants were not charged with injuring school children nor with responsibility for the horrors of modern warfare, but merely with injuring the plaintiff by their careless operation of a motor vehicle. While counsel in argument are not to be denied the use of appropriate illustration within reasonable bounds, they trespass when they indulge in extraneous allusions having a tendency to excite the hostility of the jury against the opposing party. On the whole record, however, there is no reason to believe that the defendants suffered

any prejudice from the argument complained of. The evidence of their negligence was clear, there was no claim of contributory negligence, and there was substantial proof, with little if any contradiction, that the plaintiff was seriously and permanently injured.

■ It is argued that the verdict is excessive. Without intimating an opinion whether this court or the trial court has the right to set aside a verdict on that ground, it will suffice to say that in view of the injuries sustained by the plaintiff and the probability, as shown by the evidence, of his permanent disability, we are of the opinion that the amount of the verdict, $11,500, was fairly within the range of compensatory damages.

The remaining assignments of error are all so clearly wanting in substance that we do not feel called upon to discuss them.

We are of the opinion that this appeal was taken in good faith and not for the purpose of delay, and the motion of the plaintiff for assessment of a penalty under § 10-814, O. C. L. A., is therefore denied.

The judgment is affirmed.