Argued June 7, reargued November 13, 1968, reversed and
remanded March 12, opinion modified, rehearing
denied May 21, 1969

BAXTER, *Respondent, v.* BAKER ᴇᴛ ᴜx,
*Appellants.*

451 P2d 456
454 P2d 855

*Richard Bryson,* Eugene, argued the cause for appellants. With him on the briefs were Calkins & Bryson, Eugene.

*Dwight L. Schwab,* Portland, argued the cause for respondent. With him on the briefs were Hutchinson, Schwab & Burdick, Frank H. Hilton, Jr., and William C. McCarthy, Portland.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

GOODWIN, J.

The defendant in a personal-injury case appeals from a judgment for the plaintiff, assigning error to an instruction that authorized the jury to award the plaintiff "special damages" for "lost earnings," when the evidence showed that the plaintiff at the time of her injury was not employed for wages, but was a college student.

■■ There is no substantial disagreement, either between counsel or among the members of this court, with reference to the compensability of the loss of

earning capacity, by whatever name it is called. All agree that any person, employed or unemployed, whose earning capacity has been impaired through the negligence of another, has a right to recover money damages for the impairment of his earning capacity. All likewise agree that this right of recovery is no less important to an injured person who was looking for a job than to an injured person who had one. Furthermore, losses calculated from the date of the injury to the date of the trial are felt just as keenly by the injured person as losses calculated from the date of the trial until some unspecified time in the future. The difficulty lies in framing instructions for the jury on its function in dealing with these losses.

For convenience, the courts of this state have followed the practice of instructing that impaired earning capacity is compensable as "general damages." Lost wages can be covered in an instruction on "special damages" computed for the period from the date of injury to the date of the trial, but only if the plaintiff proves that he was employed at a fixed wage at the time of injury. See *Fields v. Fields,* 213 Or 522, 537, 307 P2d 528, 326 P2d 451 (1958). Whether or not a plaintiff was employed at the time of his injury, the jury is told that impaired earning capacity from the date of the trial on into the future is to be included within those losses compensable as "general damages." See Oregon Jury Instructions for Civil Cases, numbered 30.02 and 30.03, promulgated by the Oregon State Bar. These instructions, with minor modifications as given from the bench in an actual trial, are set out in *Martin v. Hahn,* 252 Or 585, 451 P2d 465 (1969). Both instructions were given in substance in the case at bar.

■ After having the benefit of reargument in this

and the companion case (*Martin v. Hahn*), a majority of this court has concluded that the present method of instructing juries should not be disturbed. The present method, when uniformly applied, is understood by the bench and bar, and does not appear to have worked injustice. The only caution necessary is for courts to refrain from instructing on special damages in inappropriate cases.

■ Under our present instructions, a plaintiff who was not employed on the day of his injury does not receive the strategic advantage of an instruction calling the jury's attention to "special damages" for "lost wages." But his substantive right to recover for the impairment of his earning capacity can be fully protected by an instruction that the jury is to consider any impairment of earning capacity as a loss compensable under general damages. Evidence of such impairment can be produced during the trial and exploited on argument just as is done with other evidence of losses compensable as general damages. To the argument that the working plaintiff is thus given an advantage not shared by his equally deserving but temporarily unemployed fellow plaintiff, the existing case law says in effect that the law takes the two plaintiffs as it finds them.

The majority of this court is not convinced that the evil in an instruction on special damages is so great as to warrant wholesale overruling of former decisions. It is possible that a clean sweep at this time might improve the trial practice, but we do not wish to upset a settled practice which appears to be working in order to test a speculative improvement. While we decline to change the rule at this time, we are equally reluctant to extend the giving of an instruction on special damages into situations authorized neither by

logic nor by precedent. A plaintiff who was not earning wages at the time of injury is not entitled to the instruction on special damages. Accordingly, we must hold that it was error to give an instruction singling out for special jury consideration an item of "lost wages" as "special damages" in a case in which the evidence proved merely a loss of earning capacity, a matter that was fully compensable under the instruction for general damages.

■ Inasmuch as we cannot say with certainty that the error in the case at bar did not affect the verdict, we must reverse and remand for a new trial. The defendant has advanced a number of other assignments of error, but, since they deal with trial tactics and raise questions of the kind that are within the discretionary control of the trial court, we will not extend this opinion by a discussion of points that may not be raised again. We assume that the case can be properly tried without undue necessity for admonitory intervention from the bench.

Reversed and remanded.

O'CONNELL, J., dissenting.

This case was originally assigned to me. When I first examined the briefs it appeared that the case did not present any special problems and could be disposed of readily by the application of well-established and sound principles of law. The more I studied the matter, the more I realized that the Oregon law relating to loss of earnings was confusing and in most respects did not make sense. I prepared an opinion substantially in the form in which it appears below and circulated it among the members of the court, but it did not win the day and since the case had been argued in department it was set for reargument en banc along with the companion case of *Martin v. Hahn*.

In calling for reargument we requested counsel to present supplemental briefs and oral arguments specifically directed to the question of the validity of the distinction made in our previous cases between pretrial and post-trial damages relating to earnings. The reargument did not change the alignment of the members of the court and consequently the case was reassigned.

As I interpret the majority opinion the court does not disagree with my analysis of the problem but refuses to change the law because "the present method is well understood by the bench and bar and does not appear to work injustice." I do not know what is meant by "understood" in this context. I doubt that many members of the bench and bar have really understood why loss of earnings before and after trial are treated differently—it is more likely that the distinction is perpetuated simply because it has always been done the same way in the past. When questioned on oral argument counsel for both sides in the two cases (which were argued together) seemed to agree that the present method of treating differently pretrial and post-trial loss of earnings did not make much sense.[1]

---

[1] Because of a defective recording of the oral arguments in Baxter v. Baker the comments of counsel in that case are not available, but the following remarks taken from the oral arguments in Martin v. Hahn indicates counsels' general disapproval of the present system:

DEFENDANT'S COUNSEL: "* * * I strongly urge a change from the present practice instructing the jury on lost wages to that of impairment of earning capacity * * *. As far as the difference between the character of the loss or impairment of earning capacity, I submit that pleadings and practice create the difference; the character of the two are substantially the same. * * * I can't see any real logic in saying you have to plead it as a special damage in the past but you don't have to plead it in the future * * *."

The majority states that the present method "does not appear to have worked injustice." I am not so sure. It seems likely that some members of the bar and some trial judges have proceeded upon the assumption that if the plaintiff was not employed at the time of injury he could not recover for impairment

PLAINTIFF'S COUNSEL: "* * * Whether we call it special damages, or general damages, or loss of earnings, or impairment of earning capacity doesn't make any difference * * *."

THE COURT: "Well, is it true that it doesn't make any difference, now? Now, I understand that plaintiff's attorneys and defendant's attorneys have different views about the strategy and desirability of instructing the jury on special damages? Somebody evidently thinks it makes a difference whether a jury is instructed on special damages."

PLAINTIFF'S COUNSEL: "The argument obviously is that the more times we can talk about money, the more money we, as plaintiffs, are going to get. That may be a valid argument. I don't know. I personally just don't think it makes any difference because if we handled it like California handles it, just everything as general damages—but they set out the various elements in their complaint and they argue the various elements—the jury is going to hear it and the jury is going to see it no matter what you call it because the evidence is going to be the same. The argument to the jury is going to be the same. The only difference may be one instruction." .

THE COURT: "Well, if we adopted the California style of submitting damages, would plaintiff's attorneys feel that they were being deprived of the chance to have the judge come down hard on lost wages in the instructions?"

PLAINTIFF'S COUNSEL: "Of course they would. But they haven't thought the problem out very well because they're going to try the case the same way as they've tried it before. All that's going to be missing is one small instruction. * * *

"* * * Turning to the questions that the court has asked, the only reason that I know of for special damages is just notice. And that's all we were trying to do in this case, to give the defendant notice of what we were trying to prove. That's the only difference between special and general damages. Certainly we feel that general damages are a little more vague or a little more speculative than special damages, but I don't think that is always true as pointed out earlier * * *."

of earning capacity before trial—his recovery being limited to post-trial impairment of earning capacity.②

But even assuming the present method is not unjust, why should we perpetuate a distinction which is indefensible. When the majority opinion is stripped to its essential holding, it comes down to this: A plaintiff who is unemployed at the time of his injury is not entitled to an instruction specifying the dollar amount of his loss of earnings up to the time of trial or thereafter. A plaintiff who is employed at the time of injury is entitled to such an instruction. Note that the only differentiation which the majority would make in the treatment of these two classes of plaintiffs is in the *instruction to the jury* on the *amount* of damages for the loss of earnings item. In all other respects the employed and the unemployed plaintiff are treated the same. The unemployed plaintiff can prove his capacity to earn, the prospects for employment at the time he was injured, his prospects for advancement, etc. And the majority would concede that he would be entitled to an instruction to the effect that the impairment of his earning capacity is to be computed up to the time of trial by multiplying his hourly wage rate by the number of hours of employment he lost as a result of the injury. But there he must stop—the total amount he would have earned cannot be included in the instruction; the complete numbers game can be played only by the plaintiff who happened to be employed

---

. ② See Transcript at p. 138 in Lehr v. Gresham Berry Growers, 231 OR 202, 372 P2d 488 (1962); Transcript at p. 202 in Smith v. Jacobsen, 224 Or 627, 356 P2d 421 (1962). Note also the manner in which the Uniform Jury Instructions are worded. The jury is directed to compensate plaintiff "for any impairment of earning capacity which it is reasonably probable the plaintiff will suffer *in the future*." (Emphasis added.) Uniform Jury Instruction 30.02. The jury surely would construe "future" as meaning from the time of trial.

when he was injured. It must be obvious to anyone that this does not make any sense. And I say that it is demeaning for this court to perpetuate it.

To explain my position more specifically I am setting out in the following paragraphs the opinion, with minor changes, which I originally submitted to the court for adoption.

Plaintiff at the time of her injury was not employed; she was a student at the University of Oregon. She had, until approximately a year and a half prior to her accident, worked as a secretary for White Stag Company at a salary of $265.00 per month. She testified that she could have returned to work for White Stag and that it was her intention that "[w]hen I went back to work I was going to go to White Stag * * *." She further testified that if she had not been injured she would have returned to work after the 1963-64 school year and that she would have continued to work after she was married in September, 1965.

Defendants contend that the trial court erred in refusing to grant their motion to withdraw from the jury plaintiff's demand for special damages resulting from alleged loss of earnings and in instructing the jury on loss of earnings. They argue that plaintiff was not entitled to loss of earnings because, not being employed at the time of her injury, she had no earnings to lose.

Our previous cases have distinguished impaired earning capacity from loss of earnings. The difference is explained in *Fields v. Fields*, 213 Or 522, 527, 307 P2d 528, 326 P2d 451 (1958), as follows:

"As pointed out in *Shaw v. Pacific Supply Co-op.*, 166 Or 508, 113 P2d 627, there is a well de-

fined difference between impaired earning capacity and loss of earnings. Impaired earning capacity is a direct and natural consequence of a disabling injury of a permanent or lasting nature, is an element of general damages and need not be specially pleaded. On the other hand, loss of earnings generally looks to the past, is an element of special damages, must be specially pleaded and ordinarily may be ascertained with reasonable certainty."

This explanation does not tell us whether there is a difference in the *character* of the loss which is measured under the two classes of damages. Under both classes the damage sought to be measured is the amount of earnings which the plaintiff is prevented from acquiring; in one case the amount between injury and trial, and in the other case the amount between trial and some time thereafter. Measured as of the time of trial this element of damages can be expressed either as past and future loss of earnings or as past and future impairment of earning capacity.

Whether the measure of damages is based upon loss of earnings or impairment of earning capacity, the calculation of the loss requires the jury to engage in a certain amount of speculation as to what the plaintiff would have earned had he not been injured. This speculation is also involved in the computation of the plaintiff's loss both before and after trial. Thus, it is not certain that the plaintiff would continue to be employed, or if employed that he would continue to be paid for his labor or services at the same rate as that which he was receiving at the time of the injury.[9] If

---

[9] "* * * The main factor which enters into a claim for loss of wages is, loss of time. Such a loss may depend upon all sorts of contingencies. It does not follow as a matter of course that, if the plaintiff had not been injured, he would have been employed every working day since his accident to the date of

the plaintiff is permitted to recover for impairment of earning capacity after trial, it is difficult to see why he should not be able to recover for impairment of earning capacity between the injury and the time of trial. Conversely, if pre-trial losses are measured by loss of earnings, it would seem that post-trial losses should be measured by the same standard.[⊕]

Whichever measure is adopted, it must be admitted

---

the trial. He might have quit work, or been dismissed, or paid off, or taken ill, or suffered various other things due to his own particular circumstances, which would have diminished the extent of his working time.

"To find his loss of time therefore, the best the jury can do is to arrive at an estimate based upon probabilities, after taking all proper contingencies into account. It is then for them to use the evidence of the wages lost as a measure of the value of the time of which they have so found the plaintiff to have been deprived. It follows that loss of wages, however claimed, is not, strictly speaking, recoverable as such. What is really recoverable is, loss of time, which has been reduced in the manner mentioned to its pecuniary value. This idea is thus expressed by Holmes, J., with his usual lucidity, in Braithwaite v. Hall (1897), 168 Mass. 38, at pp. 39-40:—

" 'When a man is allowed to prove his average earnings, or the wages actually lost by him, they are proved as a measure of the value of the time and power to labor of which he has been deprived, not as themselves recoverable *eo nomine*.' "

Trache v. C.N.R. [1929] 2 D L R 321 at 335.

[⊕] It must be conceded that the cases generally distinguish between so-called loss of earnings and impairment of earning capacity. See 22 Am Jur2d, Damages §§ 89-94 (1965); Restatement of Torts, §§ 904, 924 (1939); 2 Harper & James on Torts, § 25.8 at p. 1316 (1956); McCormick on Damages, §§ 86-87 at p. 299 (1935); Bernhard, Damages for Personal Injury—The Law in Oregon, 44 Or L Rev 95, 97 (1965); Miller, Assessment of Damages in Personal Injury Actions, 14 Minn L Rev 216 (1930); Woods, Earnings and Earning Capacity as Elements of Damage in Personal Injury Litigation, 18 Ark L Rev 304 (1965); Note, Damages in Iowa—Loss of Time and Impairment of Future Earning Capacity, 12 Drake L Rev 59 (1962); Note, Developments in the Law—Damages—1935-1947, 61 Harv L Rev 113 at 163 (1947); Note, Damages—Loss of Earnings—Measure of Recovery and Admissibility of Evidence of Prior Earnings and Employment, 36 Neb L Rev 605 (1957); Note, Personal Injuries, 6 Okla L Rev 367 (1953).

that pre-trial losses can be estimated with somewhat less speculation than post-trial losses. With respect to pre-trial losses, the period during which the plaintiff might have been employed is known; it is not necessary to speculate as to the plaintiff's life-expectancy; the job opportunities which might have been open to the plaintiff had he not been injured will be easier to identify; and perhaps other factors having a greater element of certainty may be present.[5]

The question is whether this difference in the degree of speculation or certainty justifies separate methods of pleading pre-trial and post-trial losses. In some jurisdictions loss of earnings or impairment of earning capacity both before and after trial are treated as general damages and are not specially pleaded.[6] On the other hand, in some jurisdictions apparently both pre-trial and post-trial losses must be specially pleaded.[7]

In Oregon we have previously held that the loss before trial, described as "loss of earnings," is an item of special damages which is to be specially pleaded, whereas the loss after trial, described as "impairment of earning capacity," is an item of general damages and need not be specially pleaded.[8] Our ex-

---

[5] Nevertheless, in many situations the evidence of an unemployed plaintiff's loss may be less speculative than the evidence of loss available to his employed counterpart, e.g., where the employed plaintiff's work is temporary in nature.

[6] See Trache v. C.N.R., supra note 3; cf., Annot., 98 ALR2d 746, 755 (1964) concerning medical damages.

[7] Kennedy v. Van Horn, 77 Okla 100, 186 P 483 (1919); McCormick on Damages, § 8, p. 37 (1935); Miller, Assessment of Damages in Personal Injury Actions, 14 Minn L Rev 216, 224 (1930). But see, Brucker v. Gambaro, 9 SW2d 918 (Mo 1928); Barlow v. Salt Lake and Utah R. Co., 57 Utah 312, 194 P 665 (1920); Note, 6 Okla L Rev 367, 369, n. 14 (1953).

[8] See Shaw v. Pacific Supply Co-op, 166 Or 508, 510-511, 113 P2d 627 (1941).

planation for not requiring the special pleading of post-trial impairment of earning capacity has been that such impairment is a "direct and natural consequence of a disabling injury."[9] But this explanation would also serve to bring pre-trial losses within the classification of general damages because they too are "a direct and natural consequence" of an injury; yet we have held that pre-trial loss of earnings are special damages and must be specially pleaded.[10]

One explanation for this confusion is that "special damages" is sometimes used to denote crystallized losses which have a definite cash value, e.g., pre-trial medical expenses already incurred.[11] But under modern pleading systems "special damages" is most appro-

---

[9] *Id.*

[10] The propensity of courts to make errors of logic when distinguishing between special and general damages has been noted:

"* * * General damages has at least two different definitions; special damages is used in at least four senses. The common error is to assume that that which is not special damage in some particular one of the four senses must be general damages in one of its two meanings." Street, Principles of the Law of Damages 18 (1962).

Street explains the origin of the distinction between pre-trial and post-trial losses as follows:

"* * * It is commonly assumed that at least for the period up to the date of the trial the basis is loss of earnings [as an award of special damages] * * *. True it is that expenses actually incurred are 'special damages' * * *; true it is also that loss of earnings before trial in an action, say, for wrongful dismissal is 'special damages.' Does it not, therefore, follow that the damages recoverable for personal injuries up to trial are loss of earnings? This argument involves the common logical fallacy of the undistributed middle; it has been shown already that special damages sometimes means crystallized expenses, at other times a head of damages that must be specially pleaded—when it bears the second meaning as in the loss of earnings example mentioned above there is no necessary implication that the loss of earnings can be calculated as an exact sum and be recovered as crystallized special damages." *Id.* at 44.

[11] *Supra* note 8.

priately used to denote those damages which, whether crystallized or not, should be pleaded in order to give the defendant adequate notice of the plaintiff's claim. Simply because a loss can be calculated in dollars and cents before trial, however, is no reason for requiring the pleading of the specific amount of that loss in order to give the defendant notice of plaintiff's claim. It is not the function of the complaint to apprise the defendant of the specific nature of plaintiff's evidence. Moreover, in the usual case the amount of the plaintiff's pre-trial loss cannot be determined at the time the complaint is served on the defendant and ordinarily it is necessary to amend the complaint at trial to include the additional losses accruing up to the time of the trial.

*Turney v. Southern Pac. Co.,* 44 Or 280, 75 P 144, 76 P 1080 (1904) expressly holds that the plaintiff need not plead the amount of special damages claimed by him.[20] In that case plaintiff alleged that she was compelled to pay out "large sums" for medical service, nursing, and medicine. The trial court overruled the defendant's motion to require the plaintiff to state what sums, if any, were expended. On appeal the trial court's ruling was held proper. In explanation of its holding the court quoted from Watson on Damages and Personal Injuries, § 699, p. 831 (1901), as follows:

"* * * 'When it is said that special damages must be alleged in order to be proved, it is not meant that the sum claimed for the particular injury must be separately stated, but that the injury itself, if it is not such as naturally and necessarily results from the wounds or hurts alleged, must be averred.' " 44 Or at 299, 75 P at 150.

[20] For a discussion of the cases on this question see Annot., 98 ALR2d 746, 766-772 (1964).

The same principle is applicable in pleading loss of earnings. The defendant is adequately notified if the plaintiff alleges simply that he lost earnings as a result of the injury; it is not necessary to allege the amount of that loss.[⑨]

It has been the practice in this state to allege the amount of the plaintiff's loss of earnings (and the amount of his medical expense), but this practice cannot be attributed to any requirement found in the Oregon law. *Turney v. Southern Pacific Co.*, supra, is clearly to the contrary. It is possible that the practice continues because the plaintiff finds it to his advantage to set out in his complaint the dollar amount of his claim so that the members of the jury may have it before them as they peruse the pleadings.

It is possible also that by our own treatment of the subject of losses relating to earnings we have contributed to the confusion. We have treated pre-trial and post-trial losses differently, requiring the former (denominated "loss of earnings") to be specially pleaded, but have allowed the latter (denominated "impairment of earnings") to be treated as an item of general damages. Since there is as much, if not more, reason for notifying the defendant of post-trial losses measured in terms of earnings, the explanation for requiring the pleading of pre-trial losses would

---

[⑨] A note in 46 Ky L J 288 (1958) demonstrates that the shift from common-law fact pleading to code pleading rendered useless any requirement that the specific amount be alleged. Because of the inability of plaintiff to fix with certainty the amount of his claim and the consequent amendment of the claim at the time of trial, the issue forming and notice functions of code pleading are not enhanced by a rule requiring the amount of damage be pleaded. Our own decision in Turney v. Southern Pac Co, 44 Or 280, 75 P 144, 76 P 1080 (1904) recognized this fact.

have to be found in something other than the need for notifying the defendant of the existence of plaintiff's claim. It has been argued that the distinguishing feature is the greater certainty with which pre-trial losses can be calculated. But, assuming that plaintiff can calculate pre-trial losses more easily (although as I have indicated, not without a certain amount of speculation), it still does not explain why the calculation is essential for the purpose of giving the defendant adequate notice. And, as I have observed earlier, our prior classification of post-trial losses (impairment of earning capacity) as "general damages" based upon the ground that such losses naturally flow from an injury is indefensible.

Whatever the source of confusion may be, it is apparent that there is need for clarification. To that end we could reaffirm the principle applied in *Turney v. Southern Pacific Co., supra,* making it unnecessary to plead the amount of loss of earnings claimed. Hereafter an allegation that the plaintiff has and will suffer loss of earnings should be sufficient to give the defendant notice of plaintiff's claim for both pre-trial and post-trial loss of earnings.[⊕] The measure of damages for the plaintiff's pre-trial and post-trial loss, whether denominated loss of earnings or impairment of earning capacity, is basically the same and should not be treated differently. Plaintiff is entitled to recover the amount of wages he would have earned but for the injury. The loss should be measured from the time the injury impaired the plantiff's capacity to earn

---

[⊕] A similar allegation with respect to medical expenses is sufficient. Some jurisdictions even hold that medical expenses may be recovered as an item of general damages. See Annot., 98 ALR2d at 755. Cf., Bernhard, Damages for Personal Injury—The Law in Oregon, 44 Or L Rev 95, 96 (1965).

wages until the disablement ends. It is obvious that plaintiff's loss both before and after trial can be approximated only and that the calculation of the loss must rest upon factors which can be employed only in terms of probabilities, including the probable period of impairment,[9] the plaintiff's capacity to earn over that period, i.e., what his services would have brought in the labor market taking into account not only plaintiff's capacity at the time of injury but also his probable chances for promotion (or demotion), the probability that the plaintiff would have employed his skill or talent, taking advantage of available opportunities to work, and other pertinent factors.[10]

Where the distinction between pre-trial and post-trial earning losses is recognized it is held that the plaintiff cannot recover pre-trial "loss of earnings" if he was unemployed at the time of his injury although he is entitled to recover as "general damages" for the "impairment of his earning capacity" for the pre-trial period as well as for the post-trial period. Under my

---

[9] "The damages to be given for future loss of earning power depend, of course, upon the probable length of time for which the injury will continue. If a permanent injury has been pleaded and proven, then it becomes material to ascertain the length of life which the plaintiff, in view of his present age and condition of health, may expect. As bearing upon this, in addition to evidence of age and health, the opinion evidence of doctors as to probable length of life is competent. Still another common means of enabling the jury to estimate the probable duration of plaintiff's life is the introduction of standard life tables, or mortality tables, as they are likewise called." McCormick on Damages, § 86, p. 301-02 (1935).

[10] "* * * [I]n predicting what would have been the plaintiff's earning power if he had not been injured, no high degree of certitude can reasonably be required. Probabilities are all we have to act on. Just as the contingencies of an uncertain employment or of a hazardous occupation ought to discount the value of the earning power, so also the chances of promotion should be considered in valuing the probable future earnings." McCormick on Damages, § 86, p. 301 (1935).

view it is not necessary to make this distinction.⊕ Since pre-trial and post-trial losses are regarded as essentially the same the plaintiff may recover for his loss of earnings even if he is not employed at the time of the injury.

In the present case, although plaintiff was not employed at the time of injury, there was evidence upon the basis of which the jury reasonably could have concluded that it was probable that plaintiff would have been gainfully employed had the injury not occurred. Therefore, the jury could properly award compensation for the pre-trial loss. The judgment should be affirmed.

SLOAN and DENECKE, JJ., join in this dissent.

DENECKE, J., dissenting.

I concur in that part of Mr. Justice O'CONNELL's dissenting opinion stating that pretrial and post-trial loss of earnings should be treated uniformly.

I was prepared to concur in the majority opinion for the reasons stated therein, i.e., the distinctions are not logical, but this is a long accepted practice and has not resulted in an injustice. Upon further reflection, I am of the opinion that the majority opinion has announced two new rules of law and if we are going to make new law we should do so along the logical lines suggested in Mr. Justice O'CONNELL's opinion.

The first new principle decided by the majority is that special damages for loss of earnings can only be recovered if the plaintiff was working at the time of

---

⊕ Since it is not essential to identify the amount of damages attributable to loss of earnings or medical expense, it is not necessary to continue the distinction between general and special damages for this purpose.

injury: We have never so held. Dicta in *Fields v. Fields,* 213 Or 522, 307 P2d 528, 326 P2d 451 (1958), is cited by the majority as supporting such a holding. *Fields v. Fields,* supra (213 Or at 537), merely states that loss of earnings "ordinarily may be ascertained with reasonable certainty." Even if the logic of this statement leads to the conclusion that to recover special damages for loss of earnings one must be employed upon the date of injury, this would not compel the majority holding. The majority states that accepted past practice, not logic, is the basis of its decision.

The other new principle in the majority opinion is the inference that an unemployed plaintiff may recover for wages lost between injury and trial as an item of general damages,—impairment of earning capacity. I do not disagree with this idea; however, we have not previously so held. Dicta in prior decisions indicate to the contrary. That dicta is to the effect that impairment of earning capacity looks to the future, after the trial; it is prospective. *Fields v. Fields,* supra (213 Or at 537); *Shaw v. Pacific Supply Coop.,* 166 Or 508, 113 P2d 627 (1941). This same characterization is made in Oregon Jury Instructions for Civil Cases numbered 30.02.

**ON PETITION FOR REHEARING**

Dwight L. Schwab, Frank H. Hilton, Jr., William C. McCarthy, and Hutchinson, Schwab & Burdick, Portland, for the petition.

Richard Bryson and Windsor Calkins, Eugene, contra.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

PER CURIAM.

In a stipulation accompanying a petition for rehearing the plaintiff has asked this court to apply Oregon Constitution, Art VII, § 3 (Amended), to enter a modified judgment eliminating all special damages instead of requiring a new trial. Since the only substantive error below involved the allowance of special damages, this is a proper case in which to modify the judgment. Our former opinion is modified to provide

that upon receipt of the mandate the trial court should strike out special damages and enter judgment on the verdict for general damages only. It is so ordered. Petition for rehearing otherwise denied.