Argued June 6, reargued November 13, 1968, reversed and
remanded March 12, 1969

MARTIN, *Respondent, v.* HAHN, *Appellant.*

451 P. 2d 465

*Dale Jacobs,* Oregon City, argued the cause for appellant. On the brief were George L. Hibbard and Hibbard, Jacobs & Caldwell, Oregon City.

*Monte Bricker,* Portland, argued the cause for respondent. With him on the brief were Reiter, Day, Wall & Bricker, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

GOODWIN, J.

The defendant appeals from a judgment for the plaintiff in an action for damages arising out of an automobile collision. The issue on appeal has been stated in terms of the propriety of instructing the jury on special damages for lost wages when the proof showed that the plaintiff was not employed at the time of the accident.

The issue has been obscured, however, by pleading changes made before and during trial. The original complaint had contained a prayer for $52,500 "general damages" and for $7,824.25 "special damages" of which $1,104.25 was for medical expenses and $6,720 was for lost wages.

In keeping with the common practice, the lost wages had been alleged as of the date of the first pleading, and were amended in the pleading filed at the trial to allege medical expenses of $1,129.05 and lost wages in the sum of $13,132. The defendant's driver died shortly before the trial. The court thereupon allowed an amendment to conform to ORS 30.080. As it read at the time of the trial, the statue provided that an action for damages caused by the negligence of a deceased person could be maintained against the tort-

feasor's estate, but damages were limited to $25,000. (The statute was amended in 1967 to remove this restriction. Oregon Laws 1967, ch 544, § 2.) Because of the death of the defendant's driver and the substitution of defendant administratrix, the plaintiff during the trial amended his complaint to pray for "$25,000 general damages, $14,261.05 special damages." The court, before submitting the case, struck a line through the words "general" and "$14,261.05 special damages."

Notwithstanding the amended form of the complaint, however, the trial court instructed the jury:

> *"There are two types of damages that can be recovered in this type of case, general damages and special damages, which I will now explain to you.*

> "If you find that plaintiff is entitled to damages, you will first determine the amount of general damages that he has sustained as a result of the negligence of the defendant.

> "* * * * *

> "The items of general damages which you are to consider in the present case are the following: Such sum as will reasonably compensate the plaintiff for any pain * * *.

> *"Such sum as will reasonably compensate the plaintiff for any impairment of earning capacity resulting from the injury which it is reasonably probable the plaintiff will suffer in the future.*

> "Such sum as will reasonably compensate the plaintiff for any interference with his normal and usual activities, apart from activities in a gainful occupation, which you find he has sustained and that it is reasonably probable he will sustain in the future as the result of the injury in question.

> "The amount of general damages may not exceed the sum of $25,000.00, including the special damages which I am about to instruct you on.

"If you find that the plaintiff is entitled to general damages, you shall then determine the amount, if any, of the special damages which he has sustained as a result of the defendant's negligence.

"Such damages include, if established by a preponderance of the evidence, the following items: The reasonable value of the medical services reasonably required and actually furnished in the treatment of plaintiff. The amount that may be awarded for these expenses may not exceed the sum of $1,129.05.

"The amount of earnings lost by the plaintiff since his injury to date. This amount may not exceed the sum of $13,132.00." (Emphasis supplied.)

While the jury was deliberating, it sent to the trial court, by means of the bailiff, the question: "How much did the judge say could be allowed for lost wages?" The court told the bailiff to tell the jury that any question about instructions should be put in writing. The jury apparently decided to let the matter drop; in a short time it returned a verdict for $16,129.05. While the verdict was unsegregated as to general or special damages, the sum is equal to the medical expenses plus $15,000.

The complaint which went to the jury room contained no prayer for special damages, but the court instructed as if special damages had been included in the prayer. This was confusing, if not erroneous.

The quoted instructions appear to have been tailored to fit the complaint originally filed in the action. The original complaint was in the form usually employed in an action between a live plaintiff and a live defendant. The quoted instructions also appear to have been designed to follow a trial in which the plaintiff had offered proof that on the day of the accident he was employed and was earning a stated wage.

What the plaintiff proved in the case at bar was an impairment of earning capacity. Loss of earning capacity is compensable, as the court instructed the jury, but this particular loss is compensable as general damages. *Shaw v. Pacific Supply Coop.*, 166 Or 508, 510, 113 P2d 627 (1941); Harper and James, Torts § 25.8, at 1316 (1956); Restatement of Torts § 904 (1939).

It has been argued that there is no logical difference between a plaintiff's impaired earning capacity measured from the date of the injury to the date of trial in terms of "lost wages" and his impaired earning capacity measured from the date of trial into the future in terms of "general" damages. As an abstract matter of logic, we would agree. Precedent, however, in this state, has established the date of the trial as the dividing point for the purpose of characterizing the damages of a person who was employed at the time of his injury as "general" or "special." See *Fields v. Fields*, 213 Or 522, 537, 307 P2d 528, 326 P2d 451 (1958); *Shaw v. Pacific Supply Coop.*, supra. And see Bernhard, *Damages for Personal Injury—The Law in Oregon*, 44 Or L Rev 95 (1965).

The instructions given by the trial court in the case at bar were patterned on the cited cases. Such instructions are routinely given if a plaintiff who was employed at a specific job and who was earning a specific wage at the time of his injury prays for lost wages as "special" damages. These instructions in such a case apparently satisfy Oregon litigants, whatever faults they may reveal when subjected to logical analysis. An instruction which singles out "lost wages" for treatment as "special damages," however, should be limited to the case in which the plaintiff has pleaded and proved that he was employed at a specific rate of

pay at the time of injury. *Fields v. Fields,* supra. And see Miller, *Assessment of Damages in Personal Injury Actions,* 14 Minn L Rev 216, 224 (1929).

■ In the case at bar, the evidence proved, not that the plaintiff had lost specific wages, but that he had suffered an impairment of his ability to earn at the pre-injury rate. While the trial judge limited the instruction on "general" damages for the impairment of earning capacity to "the future," it was error to instruct that the jury could award in addition thereto "special" damages for lost wages. The plaintiff did not ask the court to cover the impairment of earning capacity prior to the trial for a plaintiff who, though unemployed, had suffered an impairment of earning capacity during the pretrial period. The parties have not briefed and argued the framing of an instruction on the impairment of earning capacity from the date of the injury to the date of trial, and we express no opinion on it. The principal issue in this case, as in *Baxter v. Baker,* 253 Or 376, 451 P2d 456, 454 P2d 855, was whether the plaintiff was entitled to an instruction on "special damages." He was not.

■ In the case of a plaintiff who was not actually employed at the time of his injury and who is not, therefore, entitled to have the jury consider "lost wages" as "special damages," it is, of course, possible for such a plaintiff to put on evidence of his employability, the availability of work, the kind of earnings one in his position reasonably could expect to earn, together with any other evidence relevant to the issue of impaired earning capacity. It would be in order for such a plaintiff to argue to the jury that he should be made whole with reference to his impaired earning capacity. The only advantage he would not share with his fellow plaintiffs who were working at a fixed rate

of pay when injured would be the right to have the jury instructed on "special damages." See *Baxter v. Baker*, supra.

The plaintiff argues that since the amount of the verdict was well below the $25,000 limit imposed by ORS 30.080, and since the evidence in any event supported a substantial award of damages, the defendant could not have been prejudiced by the instruction on special damages. The defendant, on the other hand, contends that it was prejudicial to have the jury single out for consideration, with the blessing of the trial court, an item of "lost wages" up to the amount of $13,132.

■ The defendant has attached importance to the psychological advantage for the plaintiff of the unwarranted instruction on "special damages." While the plaintiff denies that the instruction worked to his advantage in the case at bar, he concedes that he resisted the defendant's motion to withdraw the issue of lost wages as special damages. Since we cannot say, without speculation, that the error in instructing on special damages was not prejudicial, we must remand for a new trial.

Reversed and remanded.

O'CONNELL, J., dissenting.

I dissent for the reasons stated in my dissenting opinion in *Baxter v. Baker*, 253 Or 376, 451 P2d 456, 454 P2d 855.

SLOAN and DENECKE, JJ., join in this dissent.