Argued May 6, affirmed November 5, petition for rehearing
denied November 30, 1971

FULTON, *Respondent*, *v.* B. F. GOODRICH CO.,
*Appellant.*
490 P2d 178

*Stewart M. Whipple,* Portland, argued the cause for appellant. With him on the briefs were Seitz, Whipple, Bemis & Breathouwer and James G. Breathouwer, Portland.

*Raymond J. Conboy,* Portland, argued the cause for respondent. On the brief were Pozzi, Wilson & Atchison, Donald N. Atchison and John J. Haugh, Portland.

DENECKE, J.

The plaintiff was injured when a scraper he was driving blew a tire. He recovered a verdict against the defendant upon the claim that the defendant was negligent in allowing the scraper's tires to be run while in an overinflated condition and the overinflation caused the blowout. Defendant appeals.

Defendant, B. F. Goodrich Company, contends the trial court erred in denying its motion for a directed verdict. Goodrich's motion was based upon the proposition that there was no evidence to establish that the tire was being operated in an overinflated condition. We agree with the trial court that there was such evidence.

The plaintiff was employed by a road contractor. The scraper was a piece of heavy equipment used for earthmoving. The defendant, Goodrich Company, supplied the tires for the contractor's equipment. Goodrich also provided an employee at the job site whose duties were to check the air pressure in the tires, change tires, etc.

■ The witness called by plaintiff, Mr. Pete, testified that from the nature of the break in the tire he was of the opinion that overinflation caused the break. Mr. Knox, Goodrich's employee in charge of tire maintenance on the job, was of the opinion that the break was caused by the tire striking a sharp object. He admitted, however, that he looked for but could not find the object. He testified that he put 65 pounds in the tires when they were cold, which all agreed was correct pressure. He further testified that he checked some of the tires on the job when they were still hot from operating and he found tires with pressures as high as 95 pounds, which all agreed was excessive. Mr. Knox testified tires inflated to 65 pounds when they were cold would not build up more than 10 or 12 pounds unless the tires were on equipment which was overloaded and run at excessive speeds. There was testimony that this particular piece of equipment had not been run at excessive speeds prior to the blowout and the inference could be drawn that it had not been overloaded.

We find that this is sufficient evidence to permit the jury to find that the blowout was caused by overinflation. If the tire blew from too much air pressure and it had not been overloaded or driven at excessive speeds, the inference could be drawn that Goodrich put in too much air.

■ The defendant contends the trial court erred in

permitting the plaintiff on his case in chief to read parts of the deposition of Goodrich's employee Knox because the use of his deposition was not authorized by ORS 45.250. Assuming it was not authorized, its reception was not prejudicial because Knox was called as a witness by the defendant and gave the same testimony that was contained in his deposition, plus additional testimony. *Texas & Pacific Ry. v. Watson,* 190 US 287, 291, 23 S Ct 681, 47 L Ed 1057 (1903), held the erroneous admission of a deposition was not reversible error because the witness was later called by the other party.

■ Defendant moved to strike the testimony of Mr. Pete, the expert called by plaintiff, upon the ground that he did not qualify as an expert and he based his opinion that the tire blew from overinflation upon facts not in evidence.

Defendant claims Mr. Pete did not qualify as an expert because he admittedly had never seen a heavy-duty scraper tire that had broken as this one had from bead to bead. Mr. Pete did explain that the reason he had never seen such tires with a break from bead to bead was that tires in such condition are usually junked. The witness also said he had repaired heavy-duty scraper tires, was familiar with their construction and the same general principles were applicable to all types of pneumatic tires. The trial court considered him qualified and we agree.

The plaintiff asked him a hypothetical question; the facts assumed were largely the appearance of the blown tire as stated by Mr. Knox in his deposition. After several objections were sustained and the assumed facts restated, the defendant no longer objected upon the ground that the question assumed facts not in evidence. The expert then testified that based upon

the facts stated in the hypothetical question, the cause of the blowout was overinflation.

Upon cross-examination, he stated that his opinion was in part based upon testimony from the deposition of Mr. Knox that occasionally tires were found with 90 to 95 pounds. It is not clear what Mr. Pete intended by this testimony. However, we interpret his entire testimony to be that he primarily based his opinion that the tire burst from overinflation upon the appearance of the tire after the break, that is, a break from bead to bead.

The trial court was correct in denying the motion to strike.

■ The defendant's motion to strike plaintiff's allegation that he lost $31,000 in wages to the date of trial was denied and it assigns this ruling as error. The jury awarded plaintiff $135,000 and did not divide the amount between general and special damages. The defendant's position is that the plaintiff was not entitled to any damages for lost wages because he failed to prove his damage with sufficient specificity.

Plaintiff was 44 years old and had driven heavy construction equipment for 12 years. In 1965, the calendar year before the injury, he earned $8,223.85. He was injured February 6, 1966, and for this period in 1966 he earned over $1,000. He had worked for his present employer three months. Although construction work is somewhat seasonal, plaintiff testified he had been fortunate and had "quite a few winter jobs." He has been physically unable to work from the date of the injury to trial, in November 1969, a period of almost four years.

We find that this is sufficiently definite evidence to enable the jury to award damages for lost wages.

Defendant's objection is partially based upon the language of some of our decisions that plaintiff must introduce evidence "that he was employed at a fixed wage at the time of injury." *Baxter v. Baker,* 253 Or 376, 378, 451 P2d 456, 454 P2d 855 (1969), or that "he was employed at a specific rate of pay at the time of injury." *Martin v. Hahn,* 252 Or 585, 589-590, 451 P2d 465 (1969). Evidence of a "fixed wage" or a "specific rate" is persuasive proof of one element of a claim for lost wages but this specificity is not required. The method used here, evidence of the total past year's earnings, is sufficient.

The defendant also perceives our decision in *Douglas Construction Co. v. Mazama Timber Prod., Inc.,* 256 Or 107, 471 P2d 768 (1970), to be an indication that we are tending to require more specific proof of claims for lost profits and lost wages. The *Douglas* case is not applicable. Plaintiff's contract in that case was terminated and it only submitted evidence that it would have made a profit of 60 cents per yard of rock hauled and placed on the balance of the job if it had been allowed to complete the job. No figures were offered to prove that opinion and plaintiff admitted it had a loss rather than a profit on the rock already placed. Under these circumstances we held the loss of profits had not been proved with sufficient certainty.

Affirmed.

McALLISTER, J., dissenting.

In my opinion the evidence was insufficient to support a finding that the blowout was caused by overinflation. I would reverse.