Argued September 13, reversed and remanded October 11, 1973.

HOLDER, *Appellant, v.* PETTY, *Respondent.*

514 P2d 1105

*William H. Ferguson,* Medford, argued the cause for appellant. With him on the briefs were Grant & Ferguson, Medford.

*Lyle C. Velure,* Medford, argued the cause for respondent. With him on the brief were Collins, Ferris & Velure, Medford.

Before O'CONNELL, Chief Justice, and DENECKE, TONGUE, HOWELL and BRYSON, Justices.

TONGUE, J.

This is an action for damages for personal injuries to a six-year-old boy who was hit by defendant's automobile. Plaintiff appeals from a judgment based on a jury verdict awarding $2,000 in general damages and $300 in special damages.

■ Plaintiff has assigned as error the refusal of the trial court to give that portion of the Oregon State

Bar Uniform Jury Instruction No. 30.02 on general damages which would have instructed the jury that if it found that plaintiff was entitled to damages the items of general damages which it was to consider were to include:

> "Such sum as will reasonably compensate the plaintiff for any impairment of earning capacity resulting from the injury which it is reasonably probable the plaintiff will suffer in the future."

■ The trial court refused to give that portion of the instruction on the ground that there was no allegation of impairment of future earning capacity.[1]

Plaintiff's complaint included the following allegation:

> "That as a direct and proximate result of said collision with the Plaintiff, the plaintiff was struck by defendant vehicle causing a spondylolisthesis at the L5-SI area of the spine, with resultant pain and disability, spasm, hamstring tightness, That said injury is of a permanent and lasting nature and will cause Plaintiff pain and disability permanently and for an indefinite time into the future, to Plaintiff's general damage in the sum of $60,000.00."

The complaint was prepared and the case was tried prior to our recent decision in *Conachan v. Williams,* 266 Or 45, 511 P2d 392 (1973). In that

---

[1] Plaintiff's assignment of error is that "[t]he court erred in denying the plaintiff's motion for new trial on the issue of damages for failure of the court to give to the jury subparagraph (2) of the Oregon State Bar Uniform Jury Instructions No. 30.02" (which was then quoted verbatim).

The denial of a motion for a new trial based on errors committed on trial cannot properly be assigned as error on appeal. Shearer v. Lantz, 210 Or 632, 633, 312 P2d 581 (1957). Because, however, plaintiff's assignment of error also refers to the denial of the requested instruction and because plaintiff took a proper exception to the refusal of the trial judge to give that instruction, we shall consider that assignment of error in this case.

case we recognized that it had been previously held in *Baxter v. Baker,* 253 Or 376, 387, 451 P2d 456, 454 P2d 855 (1969), that although loss of earnings or earning capacity prior to trial was an item of special damages, to be specially pleaded, loss or impairment of future earning capacity was "an item of general damages and need not be specially pleaded."

We also recognized in *Conachan* the position taken by the dissenting opinion in *Baxter* to the effect that there should be no such distinction between impairment of earning capacity prior to trial and an impairment of future earning capacity, but that in either event, and as a matter of giving fair notice to the defendant in such an action, an allegation should be included that plaintiff has or will suffer loss of earnings or earning capacity, although the amount of such a loss need not be pleaded.

In *Conachan* this court decided to adopt that view and, accordingly, held that:

"* * * [T]he complaint in such a case, whether claiming loss of wages prior to trial or impairment of earning capacity either before or after trial, should include an allegation giving notice of such a claim. If a plaintiff was employed at a fixed wage and claims to have suffered lost wages he may still plead the amount of the claimed wage loss, as under present practice. Similarly, a plaintiff who has incurred medical expenses may still plead the amount of such expenses. On the other hand, if plaintiff chooses not to do so, or if he was not employed at a fixed wage, he may plead in general terms that as a result of the injury his earning capacity has been impaired or that he has incurred medical expenses, in unstated amounts, and any such recovery would then necessarily be included in the damages claimed by him. * * *"

We also held this rule to be consistent with what we believed to be the better authorities and overruled previous decisions of this court to the extent that they were inconsistent with this rule.[2]

In a case involving loss of both eyes, or of both arms or legs, it would appear that an allegation of such permanent injuries would be sufficient to give fair notice that there would be a claim for impairment of future earning capacity. At the other extreme, however, as in a case involving a permanent facial scar, an allegation that such an injury was a permanent injury would hardly put defendant on notice that there would be a claim for an impairment of earning capacity. Such impairment might follow from such an injury, as in a case involving a professional model or television performer. In such a case, however, in fairness to defendant, there should be at least some further allegation in addition to the allegation of permanent injury.

This case, involving an injury to plaintiff's back, falls between these two extremes. It is significant, however, that the complaint alleged not only that this injury was a permanent injury, but also that it "will cause plaintiff pain and *disability permanently* and for an indefinite time into the future," an allegation which may well have been sufficient to put defendant on fair notice that plaintiff might very well make a claim for impairment of future earning capacity.

---

[2] In so holding we added the following footnote in Conachan v. Williams, 266 Or 45, 511 P2d 392 (1973):

"This includes Martin v. Hahn, 252 Or 585, 589, 451 P2d 465 (1969); Fields v. Fields, 213 Or 522, 537, 307 P2d 528, 326 P2d 451 (1958); Shaw v. Pacific Supply Coop., 166 Or 508, 510-11, 113 P2d 627 (1941), and other cases holding that impairment of earning capicity is an item of general damages and need not be specially pleaded."

■ In any event, and without deciding that question, we hold that because the rule as adopted in *Conachan* changed a previously established rule of pleading in personal injury cases, it would be unfair to the parties in cases tried prior to our decision in *Conachan* to give that rule retroactive effect, and we therefore decline to do so. Cf. *Hawes v. Taylor,* 246 Or 32, 35, 423 P2d 775 (1967); *Harvey Alum. v. School District No. 9,* 248 Or 167, 172, 433 P2d 247 (1967); and *Linn County v. Rozelle,* 177 Or 245, 283, 162 P2d 150 (1945). See also Annot., 10 ALR3d 1371, 1432.

Under the rule of pleading in effect prior to our decision in *Conachan* and at the time of the trial of this case a claim for impairment of future earning capacity (as distinguished from a claim for loss of wages prior to trial) was an item of general damages and did not have to be specially pleaded. It follows that the trial court erred in refusing to give plaintiff's requested instruction on impairment of earning capacity upon the ground, as stated by the trial court, that there had been no pleading of an impairment in earning capacity.

■ The question remains, however, whether there was sufficient evidence in this case to support an instruction to the jury on loss of future earning capacity, or whether, as contended by defendant, "there was no evidence in the record beyond mere speculation and conjecture to support such an instruction."

■ In the ordinary case, and as a general rule, evidence that plaintiff sustained a permanent injury is sufficient to entitle him to an instruction on impairment of future earning capacity.[9] In this case plain-

[9] For a case illustrating an exception to this general rule, see Creel v. Shadley, 266 Or 494, 513 P2d 755 (1973).

tiff's doctor testified that the injury to the back of this six-year-old boy caused a condition called spondylolisthesis, the result of which was to put an "extra strain" on one of the discs in one of his vertebrae, causing that vertebrae to "tend to slide forward." He also testified that, as a result, he would anticipate, to a reasonable medical certainty, that "in his teenage years or during his 20's" this boy could expect to have surgery consisting of a "back fusion operation." The doctor testified that "80 to 90 percent" of such operations have "pretty good results" and that "there's a better-than-even chance he would have relatively little trouble," but that he "might have some difficulty with employment situations."

The doctor went on to testify, however, that although some of the persons with such a condition and who are "in a life situation where heavy work is the only thing they can do, do pretty well at it," it was "always desirable" that such persons "lay out their life so they can avoid heavy work if possible." He also testified that although a majority of persons with such a condition would not have "significantly more back pain than a normal person," this would "depend on the type of occupation and a number of other things."

Finally, the doctor testified that this boy should "limit his activities" in "P.E. at school and should avoid unnecessary strenuous activity," although football "would be acceptable if it was very important to him."

We believe that a jury, depending upon whether it believed such testimony and depending also upon what inferences were drawn by it from such testimony, could properly find from the testimony that this boy would probably have to undergo a fusion operation for

his back and. that despite the probability that such an operation would be "successful" in the. medical sense, he would continue to be somewhat limited in his choice of occupations, particularly in any occupation involving "strenuous physical activity," and that this would, in all probability, somewhat limit his future earning capacity.

In *Conachan v. Williams, supra,* although involving different facts, we said (at 517):

> "In *Brown v. O.-W.R. & N. Co.,* 63 Or 396 128 P 38 (1912), this court recognized (at 407) that 'the question of earning capacity is a difficult one,' and went on (at 409) to state that:
>
>> 'A fair rule would seem in cases of this character to be that any evidence which would indicate fairly the capacity of the plaintiff to earn money in his vocation, and the probability of his being able to do so in the future should be admitted; but, where such evidence consists of mere guesswork and speculation upon which might happen in the future, it should be excluded. Such testimony in any court is seldom, or never, conclusive, and merely furnishes one factor in solving the equation of a man's earning capacity.'
>
> "To the same effect, see Annot., 18 ALR3d 88, 97 (1968); Oleck, Damages to Persons and Property (rev ed 1961) 275, § 182. See also *Fulton v. B. F. Goodrich Co.,* 260 Or 245, 249, 490 P2d 178 (1971)."

■ We believe that this same rule is equally applicable in cases involving injuries to minors. We also believe that evidence in this case was sufficient to satisfy that rule. In numerous cases it has been held, although not under identical facts, that in actions for personal injuries minors may recover for impairment

of earning capacity they would have had after reaching majority but for the injury, even though at that time they were not employed and had no prior earnings. See Annot., 18 ALR3d 88, at 98 and 149.

We have also noted the cases cited by defendant from other jurisdictions in which the courts have reached contrary results. Because of the difference in the facts involved in those cases we do not consider them to be persuasive authority.

For all of these reasons we remand this case for a new trial. Plaintiff asks that the case be remanded for a new trial on the issue of damages only. Because, however, we do not have before us on this appeal the testimony on the issue of liability, but only the medical testimony on the issue of damages, we have no basis for determining whether or not the new trial should exclude the issue of liability and be limited to the issue of damages, even if such a limitation were otherwise proper.

Reversed and remanded.