Argued June 7, affirmed June 29, 1966

# THOMPSON *v.* READ
### 416 P. 2d 326

*Richard C. Bemis,* Portland, argued the cause for appellant. With him on the brief were Seitz, Whipple & Bemis, E. R. Robnett and Stewart M. Whipple, Portland.

*Gerald R. Pullen,* Portland, argued the cause for respondent. With him on the brief were Hershiser, McMenamin, Blyth & Jones, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, GOODWIN and LUSK, Justices.

GOODWIN, J.

Plaintiff, crossing with a "walk" light in a marked crosswalk, was injured when she came into contact with defendant's automobile. She brought action for damages, and appeals from a judgment for the defendant.

Of the eleven assignments of error, the only one that requires extended discussion concerns the refusal to give an instruction requested by plaintiff.

■ The request was patterned after an instruction found in *Bracht v. Palace Laundry Co.,* 156 Or 151, 157-158, 65 P2d 1039 (1937). As given in that case, the instruction told the jury that a plaintiff charged with contributory negligence had the right, in the absence of notice to the contrary, to assume that other persons using the highway would observe the law. In *Stanich v. Buckley,* 230 Or 126, 133, 368 P2d 618, we criticised the instruction as incomplete. In *Walker v. Penner,* 190 Or 542, 227 P2d 316 (1951), we held that the instruction in the *Bracht* case was defective because it did not include the qualification that one may assume that others are law-abiding *only until in the exercise of due care* he should have notice to

the contrary. There was no error in the refusal of the court to give the requested instruction in the form in which it was requested. To the extent that *Bracht v. Palace Laundry Co.* has been considered authority for instructing in the language found in that case, it has been overruled.

■ In the event a trial court instructs a jury upon a party's qualified right to assume that other highway users are law-abiding, the instruction should advise the jury that each party may assume until he has notice to the contrary, or until by the exercise of due care on his part he should have known to the contrary, that other persons using the highway will exercise due care and obey the law. See *Walker v. Penner,* supra at 556.

■ The remaining assignments of error are predicated upon the assertions that the defendant was negligent as a matter of law in certain particulars, and that there was no evidence to support the submission of contributory negligence. We have examined the evidence, and are satisfied that there were jury questions concerning the reasonableness of defendant's lookout and related conduct as well as the reasonableness of the plaintiff's lookout. The defendant stopped for a red light, and then made a right turn. The pedestrian and the defendant's automobile came into contact with each other under circumstances which only a jury could evaluate. There was no reason for the court to decide the issue of liability as a matter of law.

Affirmed.