Argued July 11, affirmed September 5, petition for
rehearing denied November 7, 1968

# JOHNSON, *Respondent, v.* SHOEMAKER,
## ET AL, *Appellants.*
### 444 P. 2d 943

*Darst D. Atherly*, Eugene, argued the cause for ap-
pellants. With him on the briefs were Thwing, Atherly
& Butler and Jeffrey Lake, Eugene.

*William F. Frye*, Eugene, argued the cause for
respondent. With him on the brief were Husband,
Johnson & Frye and Helen J. Frye, Eugene.

Before McALLISTER, Presiding Justice, and O'CON-
NELL and DENECKE, Justices.

O'CONNELL, J.

This is an action to recover damages for personal injuries. Defendant appeals from a judgment for plaintiff.

The only issue on appeal is whether there was sufficient evidence to warrant an instruction to the jury that it could consider as an element of damages an amount which would "reasonably compensate plaintiff for any impairment of earning capacity resulting from the injury which it is reasonably probable the plaintiff will suffer in the future."

On December 24, 1964, plaintiff sustained a whiplash injury when his automobile was struck from the rear by an automobile driven by defendant Shoemaker who had been drinking. The injury was described more specifically by one of the medical witnesses as a "sprain of the neck" which resulted in a "reversal of the normal cervical curve." The case came on for trial on July 27, 1968. Plaintiff had suffered rheumatoid attacks from time to time since 1962. There was medical evidence that plaintiff's rheumatoid condition was "lighted up by the accident" and that his condition was chronic in the sense that it was possible to have recurrences of the rheumatoid "flare-ups."

In referring to plaintiff's condition one of the medical witnesses, in explaining the chronicity of plaintiff's symptoms, described them as "prolonged in duration," and testified that the symptoms "can recur for variable periods." Another medical witness, when asked how long the rheumatic state as aggravated by the injury would continue, stated that "there's no particular time duration. It may vary tremendously." The nature of the recurring symptoms was described more specifically as follows:

"Sometimes we get a patient completely over the

initial symptoms and tenderness, and then they are called on to make a drive for several hundred miles or do a lot of book work, or something of that nature, and the symptoms can recur for variable periods."

The foregoing evidence was sufficient to permit the jury to conclude that the recurrences of rheumatic pain caused by the injury could continue after the trial. There was evidence that prior to the trial the recurring rheumatic pain had impaired plaintiff's capacity to work as a bookkeeper. The jury could properly conclude that a similar impairment of earning capacity would continue after the trial.

The judgment is affirmed.