Argued October 12, affirmed November 16, petition for
rehearing denied December 12, 1972

HICKS, *Respondent, v.* STAFEK & SON
TRUCKING, INC., ET AL,
*Appellants.*
502 P2d 1154

*John C. Sihler,* Eugene, argued the cause for appellants. With him on the briefs were Thwing, Atherly & Butler, Eugene.

*Arthur C. Johnson,* Eugene, argued the cause for respondent. With him on the brief were Johnson, Johnson & Harrang and Charles G. Duncan, Eugene.

O'CONNELL, C.J.

This is an action to recover damages for personal injuries suffered by plaintiff resulting from a collision between an automobile in which he was riding and a truck owned by defendant Stafek & Son Trucking, Inc. Defendants appeal from a judgment on a verdict for plaintiff.

It is not necessary to set out in detail the circumstances under which the collision occurred except to note that plaintiff's brother, Michael Hicks, the driver of the automobile in which plaintiff was riding died as a result of injuries suffered in the collision.

Plaintiff sought damages for both physical and emotional injuries resulting from the collision. There was evidence to support the claims for these injuries.

Defendants' first assignment of error is directed at the trial court's refusal to give the following requested instruction:

"Ladies and gentlemen of the jury, you are instructed that the plaintiff cannot recover damages for any emotional distress, pain, suffering, or shock,

if any, arising from the injury or death of the driver of the automobile in which the plaintiff was riding."

Defendants insist that it was error not to give the foregoing instruction because there was testimony on behalf of plaintiff indicating that a part of the emotional disturbance suffered by plaintiff was due to grief over the death of his brother. Assuming, without deciding, that defendants would ordinarily be entitled to a cautionary instruction where, as here, evidence of grief is introduced, nevertheless there was no error in the present case because the court not only ordered the testimony relating to plaintiff's grief stricken, but in doing so instructed the jury to disregard the testimony.[1]

It is argued that the trial court erred in refusing to strike the answer of Dr. John Boyer, a general physician, on the ground that he was not qualified to answer the question. The question (probably not correctly reported) was as follows:

"Q There is evidence in this case that his brother was killed in this accident, but I want to know, are you saying that the accident and all of the events that put him in the hospital and the physical injuries in that caused the stress and anxiety, or was it just the death of the brother?"

The answer was "Oh, I think it was all the things put together."

It is contended that "The question asked for a comparative analysis of the relative significance of a

---

[1] The instruction was as follows: "Ladies and gentlemen of the jury, the objection of the defendants has been sustained, and the answer is stricken as to that portion of the testimony which relates to any nervousness or nervous condition caused by the death of the brother, and you are to disregard that as part of any damage or injury."

number of potential causes of plaintiff's emotional distress and was beyond the expertise of a general practitioner."

■ Conceding without deciding that the witness was not qualified to answer the question, we do not think that the testimony prejudiced defendants. Substantially the same testimony was given without objection by two other witnesses, one a psychiatrist and the other a general practitioner.

■ Error is assigned for instructing the jury that it could consider the impairment of plaintiff's earning capacity in assessing damages. It is argued that there is no evidence of such impairment. There was no direct testimony that plaintiff's disabling injuries would continue into the future. However, at the time of trial the evidence indicated that plaintiff still suffered pain and emotional distress and had not fully regained his health. The jury would be entitled, therefore, to infer that plaintiff would continue to have some disability from his physical and emotional injuries.

The other assignments of error are without substance.

There being no reversible error, the judgment is affirmed.