Argued October 7, affirmed October 23, 1975

TAVENNER, *Respondent, v.* FIGINI ET AL,
*Appellants.*
541 P2d 437

*Donald C. McClain,* Portland, argued the cause for appellants. With him on the brief were Whipple, Johansen & McClain, Portland.

*L. M. Schouboe,* of Schouboe & Cavanaugh, P. C., Portland, argued the cause for respondent. With him on the brief was James H. Marvin, Portland.

TONGUE, J.

This was an action for damages for personal injuries sustained in an automobile accident. Defendants appeal from a judgment based upon a jury verdict in favor of plaintiff for $16,500.

Defendants assign as errors the refusal of the trial court to strike from plaintiff's complaint allegations that his earning capacity has been permanently impaired and in instructing the jury on impairment of future earning capacity.

Defendants' argument in support of these assignments of error is summarized by them as follows:

> "Defendants contend that evidentiary requirements to support the claim of, and a jury instruction on, impairment of future earning capacity have not been met by plaintiff in two respects:
>
> "1. The impairment of future earning capacity has not been shown with reasonable certainty, and
>
> "2. There was no evidence which would permit the jury to arrive at a pecuniary value of the loss."

*The facts.*

Plaintiff was 32 years old at the time of the accident. As a result of the accident his head hit the window frame of the car he was driving and he was knocked unconscious. In addition to injuries to his

ribs, from which he has recovered, plaintiff suffered a knee injury. He was then a commercial fisherman and testified that the knee injury made it difficult for him to engage in the physical activities required in that work. Since then he has been self-employed in construction work, primarily remodeling old buildings. He testified that kneeling, as in laying floors, is painful and causes him to limp for "a couple of days."

Plaintiff's doctor, an orthopedic surgeon, described the injury to plaintiff's knee as subpatellar crepitus, a condition in which the cartilage on the ends of the bones which slide over each other have become "roughened." He also testified that this is a permanent injury and will never heal; that there will be some "further damage over many years time"; that the injured knee will "wear out faster" than the other knee because of this "roughened surface," and that this will cause "intermittent aching and pain."

We hold that this testimony, which the jury was entitled to believe, was sufficient to support plaintiff's allegations that his earning capacity had been permanently impaired and the submission of that question to the jury.

■ In the ordinary case, and as a general rule, evidence that a plaintiff has sustained a permanent injury is sufficient to entitle him to submit to the jury the question whether there has been an impairment of his future earning capacity. *Holder v. Petty,* 267 Or 94, 99, 514 P2d 1105 (1973). See also *Smith v. Jacobsen,* 224 Or 627, 638, 356 P2d 421 (1960).

The case of *Creel v. Shadley,* 266 Or 494, 513 P2d 755 (1973), relied upon by defendants, represents an exception to that rule. In that case we held that the loss of some teeth, replaced by partial plates, did not interfere with plaintiff's earning capacity in the work in which he was engaged.

Defendants' contentions that impairment of earning capacity must be shown "with reasonable certainty" and must be supported by evidence from which the jury may "arrive at a pecuniary value of the loss" have been expressly rejected by this court. Thus, in *Conachan v. Williams,* 266 Or 45, 64, 511 P2d 392 (1973), we said:

"* * * [T]he evidence required to support a claim for impairment of earning capacity need not be 'capable of exact monetary computation' and any evidence which would 'indicate fairly the capacity of the plaintiff to earn money in his usual vocation' should be admitted."

See also authorities cited therein at 266 Or 59-60.[1]

Applying that rule, we held in *Holder v. Petty, supra* at 100-01, that a six-year-old boy with a permanent back injury was entitled to have the issue of impairment of earning capacity submitted to the jury, recognizing that the issue is that of future earning *capacity,* not loss of past earnings. See also *Porter v. Headings,* 99 Adv Sh 2170, 2175, 270 Or 281, 527 P2d 403 (1974).

■ In our judgment, the evidence in this case was sufficient to entitle plaintiff to have the question of impairment of future earning capacity submitted to the jury and the trial court did not err in doing so.

■ Defendants' final assignment of error is that the trial court erred in failing to strike from the complaint an allegation that plaintiff suffered a concussion to his head. Defendants say that there was no evidence

[1] Cases from other jurisdictions cited by defendants, including *Honeycutt v. Wabash Railroad Co.,* 313 SW2d 214 (Mo App 1958); *Atlanta Metallic Casket Co. v. Hollingsworth,* 107 Ga App 594, 131 SE2d 61 (1963); *Hunt v. Williams,* 104 Ga App 442, 122 SE2d 149 (1961); and *Oregon-Washington R. & Nav. Co. v. Branham,* 259 F 555 (9th Cir 1919), are not persuasive, in our opinion.

to support that allegation. We disagree. Plaintiff testified that as a result of the accident he hit his head and was knocked unconscious. Plaintiff's doctor testified that "the history of receiving a blow and being unconscious implies a concussion of some degree * * *." In view of this evidence the trial court did not err in refusing to strike this allegation.

Finding no error, the judgment of the trial court is affirmed.