Argued April 7, reversed and remanded for new trial May 13, 1976

SMITH, *Appellant,*
*v.*
HOLST, *Respondent.*
549 P2d 671

[ 29 ]

*Patrick Ford,* of Ford & Cowling, Medford, argued the cause and filed briefs for appellant.

*Thomas D. Melum,* Medford, argued the cause for respondent. With him on the brief were William V. Deatherage and Frohnmayer & Deatherage, Medford.

BRYSON, J.

## BRYSON, J.

Plaintiff brought this action for personal injuries sustained as a result of an automobile accident between vehicles driven by plaintiff and defendant. The jury verdict found plaintiff 35 percent negligent and defendant 65 percent negligent. Judgment was entered in favor of plaintiff. Plaintiff, being dissatisfied with the amount of the verdict, appeals.

Both vehicles were proceeding east on Highway 234 in Jackson County, Oregon, approaching Weona Way, which ends at Highway 234, forming a T intersection. Plaintiff's vehicle was traveling 50 to 55 miles per hour and passing defendant's vehicle, which had slowed from about 40 miles per hour to 20 miles per hour. Defendant attempted a left turn on Weona Way in front of plaintiff, without signaling, and the collision occurred. Defendant looked in her rearview mirror but did not see plaintiff's vehicle. Defendant's side view mirror was not operational. Plaintiff did not sound his horn; his left turn signal and headlights were on.

The plaintiff contends that the failure of the court to give and the erroneous giving of certain instructions were "prejudicial to a full determination of plaintiff's rights." In other words, it affected the jury's determination of the percentage of negligence attributed to plaintiff or defendant and thereby the amount of plaintiff's judgment for damages.

■ Plaintiff assigns as error the court's giving the following instruction:

"\* \* \* \* \*.

"The driver of an overtaking vehicle shall give way to the right in favor of the overtaken vehicle on suitable and audible signal.

"Therefore, the plaintiff does not have a statutory right-of-way in passing the defendant unless he had given a suitable and audible horn signal.

"\* \* \* \* \*."

[ 31 ]

Plaintiff excepted as follows:

"* * * * *.

"I take exception to the instruction that there is no statutory right of way to pass unless the passing vehicle gives a suitable and audible signal. Now, I don't think there is any statutory duty to sound your horn before passing. I think that instruction is contrary to the law, and it is also quite prejudicial to the plaintiff in this case.

"* * * * *."

ORS 483.310,[1] in effect at the time of the accident, provided:

"(1) The driver of a vehicle overtaking another vehicle proceeding in the same direction shall pass to the left thereof at a safe distance, and shall not again drive to the right side of the highway until safely clear of such overtaken vehicle.

"(2) The driver of an overtaken vehicle shall give way to the right in favor of the overtaking vehicle on suitable and audible signal, and shall not increase the speed of his vehicle until completely passed by the overtaking vehicle.

"* * * * *."

The trial court obviously misread or mis-spoke himself in the instruction as given. The instruction states that "[t]he driver of an overtaking vehicle [plaintiff] shall give way to the right in favor of the overtaken vehicle [defendant]." The statute did not so provide. *Cf. Voight v. Nyberg,* 218 Or 383, 345 P2d 821 (1959). The second sentence of the instruction is also contrary to the statute. The instruction speaks of "a statutory right-of-way," but the statute states only that "an overtaken vehicle shall give way to the right." *See Ray v. Anderson,* 240 Or 619, 623, 403 P2d 372 (1965). We believe the instruction was prejudicial to the plaintiff, as it could well have affected the jury's determination of the degree of negligence attributable to plaintiff.

---

[1] Repealed Oregon Laws 1975, ch 451. We note that ORS 487.195 (Oregon Laws 1975, ch 451, § 27) eliminated the requirement of a "suitable and audible signal."

The plaintiff also assigns as error the trial court's failure to give Oregon Uniform Jury Instruction No. 10.05:

"Every person has a right to assume that others will obey the law, unless and until such person knows or should in the exercise of reasonable care know the contrary."

Both the plaintiff and the defendant requested in writing that the court give Oregon Uniform Jury Instruction No. 10.05.

The defendant now argues the following instruction was given at trial:

"To start out the slate is clean. The presumption is that the parties are not negligent and obey the law, therefore, the presumption is that neither the plaintiff nor the defendant was at fault";

that the "requested instruction appears to be a duplication of the above instruction." We do not agree. The instructions cover two different propositions of law. We have held on numerous occasions that it is proper to give the requested instruction. *Walker v. Penner,* 190 Or 542, 556, 227 P2d 316 (1951); *Senkirik v. Royce et al,* 192 Or 583, 595, 235 P2d 886 (1951). In *Thompson v. Read,* 244 Or 159, 161, 416 P2d 326 (1966), we stated:

"In the event a trial court instructs a jury upon a party's qualified right to assume that other highway users are law-abiding, the instruction should advise the jury that each party may assume until he has notice to the contrary, or until by the exercise of due care on his part he should have known to the contrary, that other persons using the highway will exercise due care and obey the law. * * *"

The defendant also argues that the requested instruction was "on an abstract principle of law" and, therefore, the failure to give the same as requested was not reversible error. It may well be that in certain cases under different facts the requested instruction would be abstract. However, under the facts in this case we believe it was error not to give the requested instruction.

[ 33 ]

■ The plaintiff also assigns as error the trial court's sustaining of an objection to testimony concerning loss of income as distinguished from loss of earnings. However, prior to retrial, plaintiff will have adequate opportunity to amend his complaint to avoid possible error.

Other assignments of error are made regarding the jury verdict form, but because of our prior holding it is not necessary to discuss these assignments.

Reversed and remanded for new trial.