Argued October 7, affirmed November 29, 1977

CLINTON, *Respondent,*
*v.*
THORNHILL et al, *Appellants.*
(TC 89814, SC 24819)
571 P2d 898

Frank V. Langfitt, III, Portland, argued the cause for appellants. With him on the briefs were Joseph J. McCarthy and Fellows, McCarthy, Zikes & Langfitt, P.C., Portland.

Bruce W. Williams, of Williams, Spooner & Graves, P.C., Salem, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, and Tongue and Lent, Justices, and Gillette, Justice Pro Tempore.

TONGUE, J.

**TONGUE, J.**

This is an action for damages for personal injuries arising from an automobile accident. The case was tried before a jury which returned a verdict in favor of the plaintiff in the sum of $15,000. Defendants appeal from the resulting judgment. We affirm.

Defendants' first assignment of error is that the trial court erred in allowing plaintiff to amend her complaint at the conclusion of the testimony so as to conform to the proof by adding an allegation that her earning capacity had been impaired. Defendants say that this amendment came too late and resulted in prejudice to defendant Thornhill. Defendants also say that the evidence was insufficient to support an allegation of impairment of earning capacity.

At the time of plaintiff's motion to make that amendment to conform to the proof, defendants made no claim of surprise or prejudice. In the absence of such a contention at the time of trial, supported by a showing of prejudice, the trial judge did not err in allowing the amendment to conform to the proof, provided, of course, that there was sufficient evidence to support such an allegation. *See* ORS 16.390. *See also Engelcke v. Stoehsler,* 273 Or 937, 944-45, 544 P2d 582 (1975).

Upon examining the record, we find that there was ample evidence to support the added allegation that plaintiff's earning capacity had been permanently impaired as a result of this accident. Plaintiff was employed as a nurse. Her work involved extensive lifting in moving patients. An orthopedic surgeon testified that the accident was the "straw that broke the camel's back" in causing the aggravation of a pre-existing condition of degenerative arthritis of plaintiff's dorsal spine and of the basal joint of her left thumb to such an extent as to be a "real problem" in the performance of such duties.

[ 491 ]

We hold that this evidence was sufficient to support an allegation that there was a permanent impairment of plaintiff's earning capacity. *See Tavenner v. Figini,* 273 Or 415, 417-18, 541 P2d 437 (1975), and cases cited therein.

It follows, for the same reasons, that the trial court did not err in submitting that allegation to the jury, despite defendants' contention to the contrary, as urged in defendants' second assignment of error.

Defendants' final assignment of error is that the trial court erred in denying defendants' motion for a new trial. It is well established that the denial of a motion for a new trial under these circumstances cannot be assigned as error on appeal. *See Martin Engineering Co., Inc. v. Opton,* 277 Or 291, 295, 560 P2d 617 (1977), and cases cited therein.

The judgment of the trial court is affirmed.