Argued October 5, affirmed December 20, 1977

AMICK, *Appellant,*

*v.*

WATSON, *Respondent.*

(No. 95048, SC 25124)

572 P2d 317

Daniel J. Gatti of Gatti, Ward & Gatti, Salem, argued the cause and filed a brief for appellant.

J. D. Bailey, Hillsboro, argued the cause for respondent. With him on the brief were Schwenn, Bradley and Batchelor, Hillsboro.

Before Denecke, Chief Justice, Bryson and Linde, Justices, and Gillette, Justice Pro Tempore

BRYSON, J.

[ 641 ]

**BRYSON, J.**

Plaintiff brought this action to recover damages for injuries sustained as a result of an automobile accident. Plaintiff alleged special damages in the amount of $466.50 and general damages in the amount of $35,000. The jury awarded plaintiff special damages of $466.50 and general damages of $1,000. Judgment was entered accordingly. Plaintiff, being dissatisfied with the amount of the verdict, appeals.

Plaintiff's sole assignment of error is that "[t]he court erroneously overruled plaintiff's objections to statements made by the defense counsel about the professional ability and conduct of plaintiff's expert witness."

After both parties rested, the trial court allowed plaintiff's motion for a directed verdict as to defendant's liability and instructed the jury that their only duty would be to determine the amount of special and general damages, if any.

The plaintiff also moved "for a directed verdict in relation to the special damages that were incurred." The court stated:

> "Well, I feel there is a lot of testimony as to the frequency of the appointments and treatments by Dr. Bolin and I think the jury can decide whether or not that was reasonable, and if they do, why then, return a verdict for special damages in the amount of $466 or whatever it amounts to, but I think that is something for them to decide."

Prior to final argument and while arguing the above motions to the court, plaintiff raised the matter of prospective jury argument as follows:

> "[Plaintiff's counsel]: Possibly now is a good time to discuss this. Maybe I am premature. Counsel said that he was going to use the fact that Dr. Bolin's treatments were somehow not proper or something like that during his argument, based on Dr. Becker's testimony. I would like—I say, I am premature. I of course objected to that at that time based on there is

[ 643 ]

no evidence to support that contention, and further that Dr. Becker is not an expert in the field of chiropractic sciences. Therefore, he should be precluded from arguing that to the jury.

"THE COURT: I just ruled he may argue that because I refused to direct a verdict in that respect. You can make your record, but I suggest that you make a record now. Then you won't have to object during argument."

Plaintiff made no further objection regarding this matter and did not move for a mistrial. Dr. Bolin is a chiropractic physician; Dr. Becker is an orthopedic surgeon. Both treated plaintiff and were called as plaintiff witnesses.

Plaintiff principally argues that defendant's counsel personally attacked plaintiff's expert, Dr. Bolin, "in a manner which implied that he felt chiropractors were mere charletons [sic] who cared more for the money than for their patients."

The argument of defendant's counsel which plaintiff complains of, as set forth in the brief, is as follows:

"* * * I don't think Dr. Bolin should have treater [sic] her the number of times he did and charged her. If she had gone to Dr. Becker in the first place she probably would have gotten off with a $150 bill for the whole thing. In any case I think that Dr. Bolin made about twice as much of [sic] the accident as he should have.

"* * * * *.

"* * * He [Dr. Becker] said that some treatments are more expensive than others and he doesn't really approve of them and that some kind of doctors, some kind of people who treat this kind of injury, soft tissue, neck and back injury, go in for repetitive frequent treatments and that is what the chiropractors do. Now I don't know nearly enough to conduct any kind of vigorous quarrel with them about the way they treat. I do know that they make their living by having people take a very large number of treatments for the size of the injury and that went on in this case."

[ 644 ]

The evidence disclosed that plaintiff saw Dr. Becker, the orthopedic surgeon, twice and one of those occasions was just before trial. Plaintiff saw Dr. Bolin, the chiropractic physician, three times a week for several weeks and then once a month for ten and one-half months for a period of 10 to 15 minutes on each visit.

Assuming that plaintiff's objection was sufficient to cover the argument of defendant's counsel here complained of, we do not feel that such argument could call for reversal in this instance. *See Highway Commission v. Callahan,* 242 Or 551, 558, 410 P2d 818 (1966). Defendant's argument is not a model for presenting the defendant's view of the evidence. However, it is well established that the trial court is in the best position to evaluate the effect upon the jury of claimed prejudice because of an attorney's argument. Usually, these matters are left largely to the discretion of the trial court, subject to reversal only for an abuse of that discretion. *Plourd v. Southern Pac. Transp. Co.,* 272 Or 35, 534 P2d 965 (1975).

This case is further complicated by the fact that plaintiff failed to move for a mistrial when the argument objected to was presented to the jury. This court has stated:

> "* * * Though great latitude is permitted counsel in arguing a case to the jury, nevertheless,. he should refrain from abusive, vituperative, and opprobrious language, or from indulging in invectives, or from making any statements or reflections which have no place in argument, but are only calculated to cause prejudice. * * *" *Walker v. Penner,* 190 Or 542, 553, 227 P2d 316 (1951).

There are photographs in evidence which indicate the impact to plaintiff's car was not severe. Dr. Becker, orthopedic surgeon, testified that plaintiff's cervical and low back injuries were "very minimal." Dr. Bolin testified the injuries were of a more severe nature.

Under the circumstances in this case, defendant's jury argument was certainly not abusive or only calculated to cause prejudice—at least the jury was not convinced, as its verdict allowed plaintiff special damages in the amount prayed for, including Dr. Bolin's charges. We conclude there was no error by the trial judge.

Plaintiff also assigned as error the trial court's denial of plaintiff's motion for a new trial but withdrew this assignment at the time of argument.

Affirmed.