Argued December 20, 1978, reversed and remanded January 29, 1979

ABOOD, *Respondent,*
*v.*
JOHNSON, *Appellant.*
(TC 76-11-272, CA 11027)

589 P2d 1206

James H. Clarke, of Dezendorf, Spears, Lubersky & Campbell, Portland, argued the cause for appellant.

With him on the brief was Robert E. Maloney, Jr., of Dezendorf, Spears, Lubersky & Campbell, Portland.

Ronald Thom, Oregon City, argued the cause for respondent. Raymond R. Bagley, Jr., Oregon City, filed the brief for respondent.

Before Schwab, Chief Judge, and Richardson, and Joseph, Judges, and Tongue, Judge Pro Tempore.

TONGUE, J., Pro Tempore.

**TONGUE, J.,** Pro Tempore.

This is an action for personal injuries sustained by plaintiff when his bicycle collided with a car driven by defendant. The case was tried before a jury, which returned a verdict in favor of defendant. Plaintiff moved for a new trial. Defendant appeals from an order granting that motion.

The grounds for plaintiff's motion for a new trial were that "the evidence was insufficient to sustain the jury's finding that defendant was not negligent in any respect"; that the trial court failed to strike two of defendant's specifications of plaintiff's alleged contributory negligence, and that it also failed to give a requested instruction to the jury relating to one of such specifications.

The verdict returned by the jury was in the form of a "no" answer to the following special interrogatory:

> "Was defendant negligent in one or more of the respects claimed in plaintiff's amended complaint which caused damage to plaintiff?"

We have examined the record and conclude that if the jury believed defendant's testimony, as it was entitled to do, there was sufficient evidence to support its finding that defendant was not negligent. Having made that finding in response to a special interrogatory, it follows that any error with respect to plaintiff's alleged contributory negligence could not have been prejudicial. We must assume that the jury followed the instructions of the court in considering the special interrogatory and in finding that defendant was not negligent. *See Hatfield v. Gracen,* 279 Or 303, 311, 567 P2d 546 (1977). *See also Hansen v. Bussman,* 274 Or 757, 781-82, 549 P2d 1265 (1976), and *Foxton v. Woodmansee,* 236 Or 271, 288-89, 386 P2d 659, 388 P2d 275 (1964).

Plaintiff contends that error in failing to strike two of defendant's specifications relating to plaintiff's alleged contributory negligence and in failing to in-

struct the jury relating to one of such specifications were errors of such a serious nature as to prejudice the jury in its consideration of the question of defendant's alleged negligence. Plaintiff did not, however, contend that it was error to admit any of the evidence offered by defendant to support any of defendant's eight specifications of contributory negligence. Under the facts and circumstances of this case we do not believe that any error in failing to withdraw two of those specifications or in improperly instructing the jury relating to one of them would have been errors of such a nature as to prejudice the jury in its consideration of the question of defendant's alleged negligence, as submitted to it on special interrogatory.

It follows that the trial court erred in granting plaintiff's motion for a new trial.

Reversed and remanded.