Argued and submitted July 18,
reversed and remanded December 10, 1979

PLOV,
*Appellant,*

*v.*

BAYLESS, et ux,
*Respondents.*

(No. 77-11-278, CA 12641)

603 P2d 1202

Elden M. Rosenthal, Portland, argued the cause
d filed the brief for appellant.

Gerald R. Pullen, Portland, argued the cause for respondent. With him on the brief was Scott F. Gilman, Portland.

Before Schwab, Chief Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

Plaintiff appeals from a verdict and judgment for defendants following trial of his damage action for personal injuries sustained in a motor vehicle accident.

Plaintiff makes the following assignments of error:

1) Failure to give the uniform jury instruction[1] regarding the right of every person to assume that the law will be obeyed;

2) Refusal to admit proffered expert testimony of two witnesses, Leonard Schultz and James Isaac.

The essential facts are:

The accident occurred during daylight hours at a "" intersection in Clackamas County, being the intersection of Highway 224, an arterial highway, and Bakers Ferry Road, an access road. A stop sign posted at the intersection required all traffic entering Highway 224 from Bakers Ferry Road to stop.

Plaintiff was driving a passenger auto and was traveling on the arterial highway at the rate of 55 miles per hour. Defendants, who are husband and wife, were approaching the intersection on Bakers Ferry Road and were each operating a truck— tractor with a large belly dump trailer attached. The front vehicle, which was being driven by the wife, was towing the back one, which was disabled and was being steered by the husband. The two vehicles were chained together by a steel chain about 10 feet long, making in effect one continuous chain of vehicles approximately 77 feet in length.

Wife, after coming to a stop at the intersection and looking both ways on Highway 224 for approximately two minutes, entered the highway and turned left.

---

[1] "Every person has the right to assume that others will obey the law, unless and until such person knows or should in the exercise of reasonable care know the contrary." Uniform Instruction 10.05.

[543]

Moments after she had turned, plaintiff's auto struck the rear tires of the last dump trailer. Both trucks were operating their red-flashing hazard lights at the time.

Plaintiff testified that when he saw the first vehicle enter the highway, he slowed but did not immediately see the second one; that when he did see the second one he assumed that it was going to stop at the stop sign; that he saw no flag or warning device on the tow chain; that before he could stop his car he collided with the second tractor-dump truck being driven by the husband. There was a grocery store located at the intersection in such a position as to prevent plaintiff from seeing the defendant husband's vehicle as the defendant wife was waiting to enter the arterial highway.

Plaintiff alleged that the collision was a result of defendant's negligence, *inter alia,* in (a) operating a combination of vehicles exceeding a length of 50 feet; (b) failing to display a red flag upon the tow chain between the towed vehicle combination and the towing vehicle combination.

The expert witnesses proffered by plaintiff would have testified on the impropriety of defendants' towing arrangement, namely that it was contrary to the usual and customary method, *i.e.,* that the customary practice is to break down the combination of vehicles and tow the tractor and dump trailer separately. The trial judge, however, sustained defendants' objections to this testimony, saying that it was not a proper subject for expert testimony "because I think it's a decision which can be arrived at by ordinary people who sit as jurors."

The judge refused to give Uniform Instruction No. 10.05. However, he gave the following instruction:

"The law presumes that all persons have obeyed the law and have been free from negligence. Accordingly, the mere fact that an accident occurred or that a party sustained injury or damage is no indication of negligence on the part of anyone. * * *." Uniform Instruction 10.01.

Plaintiff argues that the accident was caused by two law violations by defendants: (1) failing to affix a red flag on the tow chain between the two vehicles as required by ORS 483.508(3), and (2) operating a combination of vehicles over 50 feet in length without a permit or special county authorization, ORS 483.504(4).

Plaintiff cites *Smith v. Holst,* 275 Or 29, 549 P2d 71 (1976), in which our Supreme Court held that failure to give an instruction regarding the right of every person to assume that the law will be obeyed (Uniform Instruction No. 10.05) in a motor vehicle accident case was reversible error.

Defendants answer the above by averring that neither of the above supposed violations was a proximate cause of the accident, which was purely plaintiff's own negligence; that the 50 foot limitation does not apply to towed vehicles, citing *Cavett v. Pac. Greyhound Lines et al.,* 178 Or 363, 378, 167 P2d 941 (1946).

Taking up plaintiff's first assignment, we conclude that it was reversible error not to give the requested instruction (No. 10.05) regarding the right of every person to assume that the law will be obeyed. *Smith v. Holst, supra.*

We cannot say on the facts presented here that reasonable minds could not have concluded that the statutory violations regarding overlength vehicles and failure to place a red flag on the connection between towing vehicles and disabled vehicles caused or contributed to the occurrence of the accident. We do not regard the rule in *Cavett* exempting towed vehicles from the maximum length statutes as applying to the case at bar and thus exempting defendants from the provisions of ORS 483.504(4).

As to plaintiff's second assignment, we are of the opinion that the trial court also erred in refusing to admit the proffered expert testimony. In *Koch v. Southern Pacific Co.,* 266 Or 335, 513 P2d 770 (1973),

[545]

the court held that experts could testify as to the aspects of a railroad crossing which increased its danger to vehicular traffic, and as to steps the defendant railroad could have taken to alleviate the danger.

Similarly, in *Tijerina v. Cornelius Christian Ch.,* 273 Or 58, 539 P2d 634 (1975), our Supreme Court approved of the use of expert testimony in the proper preparation and maintenance of softball and baseball fields. The court observed:

"The test for the admissibility of expert testimony is whether the jury can receive appreciable help from it. The proper preparation and maintenance of softball and baseball diamonds must take into account the manner in which the players might use the field, the dangers to which they are exposed, and the measures necessary to avoid injury in the course of play. Although many jurors may know of these factors, many may not. Those who do not could receive appreciable help in assessing the minimum standard of maintenance for softball playing fields. Therefore, we are of the opinion that the expert testimony in this case to which defendant objects was admissible." 273 Or at 66. (Footnote omitted.)

Reversed and remanded.