HERINCKX,
*Respondent,*
*v.*
HAGEN,
*Appellant.*

(No. A7707-09522, CA 12697)

HERINCKX,
*Respondent,*
*v.*
HAGEN, *Appellant.*

(No. A7707-09523, CA 12698)

(Cases Consolidated)

605 P2d 1372

[437]

Carrell F. Bradley, Hillsboro, argued the cause for appellant. On the briefs was Larry A. Brisbee, Hillsboro.

Thomas J. Moore, Hillsboro, argued the cause for respondents. With him on the brief was Brink, Moore, Brink & Peterson, Hillsboro.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

BUTTLER, P. J.

Roberts, J., dissenting opinion.

**BUTTLER, P. J.,**

These personal injury actions were consolidated for trial and appeal. The trial court submitted the question of contributory negligence to the jury, which found that plaintiffs' negligence contributed 25 percent to their injuries. On motion for new trial plaintiffs contended the issue of contributory negligence should not have been submitted and that the court erred in the giving of an instruction on defendant's negligence *per se.* From the order granting that motion, defendant appeals. Although we agree that plaintiffs' contentions are well taken, we do not agree that a new trial is required; therefore we reverse and remand with instructions.

Briefly stated, the facts are that the plaintiffs, along with a large number of other people, were leaving the stadium following a performance of the Pendleton Roundup, and were walking on Aura Street en route to their car. As they were walking down the street facing in the direction from which plaintiffs had come, defendant, whose pickup truck was parked along the street, decided to back his truck down the street rather than proceed forward in a normal way. He proceeded to do so without sounding his horn or giving any other warning, and simply backed his vehicle down the street into the plaintiffs, who were walking in the same direction in which defendant was backing his vehicle. The accident occurred during the late afternoon of a clear, sunny day in September, 1975.

The plaintiffs, as defendant concedes, were in a place they had a right to be. In the absence of statute or ordinance to the contrary both pedestrians and vehicles have a right to use the street as a passage way. *Jones v. Sinsheimer,* 107 Or 491, 497, 214 P 375 (1923). The record does not disclose that the city of Pendleton had an ordinance to the contrary, requiring

pedestrians to use a sidewalk.[1] These plaintiffs, like the bicyclist in *Spence, Adm'x, v. Rasmussen et al.*, 190 Or 662, 226 P2d 819 (1951), were not under a duty to keep a lookout over their shoulder as they walked down the street. In *Spence*, the court said:

> "* * * And, in any event, a bicyclist is not required to keep a lookout to the rear unless he is changing his course of travel. He has the right to assume, until he knows to the contrary, or until by the exercise of due care on his part he should and would have known to the contrary, that those coming from the rear will observe him and take such precautions as may be necessary to avoid colliding with him, and to act accordingly. Neither a pedestrian nor a bicyclist is required to take to the ditch every time a motor vehicle approaches from behind. * * *" 190 Or at 682-83.

The quoted rule is particularly apt where the defendant is backing his vehicle down the street; there is no evidence that plaintiffs had any reason to anticipate that anyone would attempt, or was attempting, such an act, and, in particular, to anticipate that anyone would attempt such an act without sounding his horn or giving some other warning.

On these facts, we hold as a matter of law that there was insufficient evidence to submit to the jury the defense that the plaintiffs were negligent in failing to keep a lookout to their rear or to use the narrow sidewalk.

Because we have concluded that contributory negligence should not have been submitted to the jury, we need not consider the instruction which related to defendant's negligence as a matter of law; the jury found defendant negligent, and the only prejudicial

---

[1] ORS 487.325 is not applicable, but even if it were the most that can be said is that defendant would have had the right of way on the street. However, he forfeited his right of way by his own negligence. *Van Zandt v. Goodman et al.*, 181 Or 80, 179 P2d 724 (1947). That statute, as well as ORS 487.015 making it applicable to municipalities, did not become effective until July 1, 1976, after the accident. (Or Laws 1975, ch 451, § 291.)

effect of the instruction would have related to the apportioning of negligence. The result of removing plaintiffs' negligence from the case is to require defendant to bear the full amount of the damages determined by the jury.

Accordingly, the plaintiffs are entitled to the full amount of the jury verdict without diminution for contributory negligence, but are not entitled to a new trial simply because the jury was permitted to apportion the parties' negligence after determining the full extent of the plaintiffs' damages.

Reversed and remanded with instructions to enter a judgment consistent with this opinion.

**ROBERTS, J.,** dissenting.

I dissent from the majority opinion because the following facts lead me to the conclusion that the question of plaintiffs' negligence was properly submitted to the jury and a new trial should not have been granted.

Defendant had been visiting friends on Aura Street. As he was leaving he noticed a large number of people who had been at the Pendleton Round-up turning into the street where his pickup truck was parked. The pickup truck was facing in the direction of the oncoming crowd. When plaintiffs walked past defendant's pickup, defendant was standing with the car door open, saying good-bye to his friends.

In his answer to the plaintiffs' complaint, the defendant claimed that the plaintiffs were negligent in "failing to keep a proper lookout" and in "failing to use a sidewalk available to pedestrians."

The evidence suggested that, as the plaintiffs walked by the defendant, they were or should have been aware that the defendant was about to leave in his pickup. The defendant was standing by the truck,

saying good-bye to his friends. Despite this, the plaintiffs did not look back at the truck. The plaintiffs were walking in the street, and they had a duty to exercise due care and to maintain a reasonable lookout. *See Senkirik v. Royce et al,* 192 Or 583, 595-600, 235 P2d 886 (1951); *Vandevert v. Youngson,* 140 Or 77, 12 P2d 1029 (1932), *Bakkum v. Holder,* 135 Or 387, 295 P 1115 (1931).

As for the allegation that the plaintiffs were negligent in failing to use a sidewalk, the evidence demonstrated that there was a sidewalk on one side of Aura Street, that the sidewalk was narrow, that some of those returning from the Round-up were using the sidewalk, and that the plaintiffs did not notice the sidewalk or did not consider using it. Again, the evidence creates a jury question and the trial court did not err in submitting the issue to the jury.

For these reasons, I respectfully dissent.