Argued and submitted July 20, affirmed October 5, 1981

FRANZ,
*Respondent,*
*v.*
CLARK,
*Appellant.*

(No. 79-4-55, CA 19396)

634 P2d 277

Bruce W. Williams, Salem, argued the cause for appellant. With him on the briefs was Williams & Spooner, Salem.

James C. Tait, Oregon City, argued the cause for respondent. With him on the brief was Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant appeals from an order granting plaintiff a new trial in an action for negligence. Defendant, the operator of an automobile which struck and injured plaintiff while she was crossing McLoughlin Boulevard in Portland in an unmarked crosswalk, raised an affirmative defense of contributory negligence. Plaintiff sought $65,000 general damages, $720.83 special damages and $15,000 punitive damages. The jury found the parties equally at fault and the total damages to be $1,500. Plaintiff was awarded $750. Plaintiff then moved for a new trial, alleging five errors.[1] The trial court granted the motion for a new trial based on failure to give plaintiff's requested Uniform Jury Instruction 10.05:

> "Every person has a right to assume that others will obey the law, unless and until such person knows or should in the exercise of reasonable care know the contrary."

or plaintiff's requested alternative instruction:

> "I instruct you that a pedestrian crossing a highway in an unmarked crosswalk has the right to assume the law will be obeyed and to believe that approaching vehicles will permit the pedestrian to pass in safety unless and until there are indications to the contrary."

On appeal, the defendant makes one assignment of error: the trial court abused its discretion in granting plaintiff's motion for a new trial on the ground of failing to give the requested Oregon State Bar Uniform Jury Instruction 10.05. The refusal to give the requested instruction was prejudicial to a full determination of plaintiff's rights: that is, it may have affected the jury's determination of the percentage of fault attributable to plaintiff or defendant and thereby the amount of plaintiff's judgment for damages. *Smith v. Holst,* 275 Or 29, 31, 549 P2d 671 (1976). The determinative question, however, is whether the prejudice was such that plaintiff should have been granted a new trial.

---

[1] In addition to the errors discussed *infra,* plaintiff's motion was also based on the trial court's failure to instruct the jury on statutory headlight requirements and in instructing the jury that a pedestrian shall not suddenly move into the path of a vehicle so as to create a hazard. Because we decide plaintiff should have prevailed on the grounds discussed, we do not reach those points.

Defendant argues that, based on *Herinckx v. Hagen,* 44 Or App 437, 605 P2d 1372, *rev den* 289 Or 45 (1980), a new trial should not have been required, but instead we should modify the judgment to award to plaintiff the full amount of damages determined by the jury, without any reduction for comparative negligence on plaintiff's part. In *Herinckx,* also a car—pedestrian case, plaintiffs' objection was that the issue of contributory negligence should not have been submitted to the jury. We found that as a matter of law there was insufficient evidence to support a finding of contributory negligence. We found that the only possible prejudice from the instruction would have related to apportioning the damages; therefore, instead of ordering a new trial we simply ordered the defendant to bear the full amount of damages.

In this case we do not know how the instruction at issue would have affected the jury's calculations. This distinction, however, is not important because defendant in this case has stipulated that if this court finds prejudicial error resulted from the trial court's instructions, judgment may be entered in favor of plaintiff for the full amount of damages determined by the jury, and a new trial would therefore not be required on this issue.

Nonetheless, the order of a trial court granting a new trial will be sustained on appeal if it can be sustained on any ground contained in the motion. *Highway Commission v. Fisch-Or,* 241 Or 412, 418, 399 P2d 1011, 406 P2d 539, (1965). Plaintiff's motion advanced as an additional theory for a new trial the court's failure to instruct the jury that it could properly consider as an item of general damages the sum which would reasonably compensate the plaintiff for any impairment of future earning capacity. Defendant argues that there was insufficient evidence upon which a jury might base such an award, citing *Conachan v. Williams,* 266 Or 45, 511 P2d 392 (1973). This was apparently the reasoning of the trial court as well.

The court found the evidence "extremely strong and uncontradicted that the plaintiff has a serious and permanent knee injury requiring some extensive surgery." Plaintiff's orthopedic surgeon testified that, although the results of her surgery were excellent and her disability was

minimal, the damage to the knee was permanent, and that plaintiff's problems with it — chronic pain, difficulty in stooping, kneeling, and carrying — would continue. He added that she was likely to suffer repeated injuries to the knee and that there was a great likelihood she would develop degenerative arthritis as a result of the fractures and ligament damage caused by the accident. Plaintiff testified that since the accident she had difficulty performing several of the tasks involved in her job at an institutional laundry.

The Oregon Supreme Court has said repeatedly that, "as a general rule, evidence that a plaintiff has sustained a permanent injury is sufficient to entitle [her] to submit to the jury the question whether there has been an impairment of [her] future earning capacity." *Tavenner v. Figini,* 273 Or 415, 417, 541 P2d 437 (1975); *Holder v. Petty,* 267 Or 94, 99, 514 P2d 1105 (1973). In *Tavenner* the court, citing *Conachan v. Williams, supra,* said that the idea that a plaintiff must put on evidence from which a jury can "arrive at a pecuniary value of loss" was expressly rejected by that case. The language cited from *Conachan* is as follows:

"* * * [T]he evidence required to support a claim for impairment of earning capacity need not be 'capable of exact monetary computation' and any evidence which would 'indicate fairly the capacity of the plaintiff to earn money in his usual vocation' should be admitted." 266 Or at 64, cited in *Tavenner v. Figini, supra,* 273 Or at 418.

■ Supreme Court decisions since *Tavenner* indicate that when there is evidence of a permanent injury and that, as a result of that injury, a plaintiff is experiencing difficulty in performing previous employment, it is sufficient to support an allegation of a permanently impaired earning capacity. *See Clinton v. Thornhill,* 280 Or 489, 571 P2d 898 (1977); *Katter v. Jack's Datsun Sales, Inc.,* 279 Or 161, 566 P2d 509 (1977). Plaintiff here was entitled to have the question of impairment of future earning capacity submitted to the jury. She therefore was entitled to a new trial.

Affirmed.