## ROSS,
*Respondent,*

*v.*

## LIZER,
*Appellant.*

### (No. A7907-03609, CA A20176)

644 P2d 647

Frank M. Parisi, Portland, argued the cause for appellant. With him on the briefs were Edwin A. Harnden and Spears, Lubersky, Campbell & Bledsoe, Portland.

William E. Hurley, Portland, argued the cause for respondent. On the brief were Michael B. Wallstein and Bernard, Hurley, Crawford & Kneeland, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals a jury verdict awarding plaintiff damages in this personal injury action. The issue is whether there was sufficient evidence to submit the question of impaired earning capacity to the jury.

Plaintiff was injured while helping defendant build a house. He alleged general damages and special damages for medical expenses and lost wages. Plaintiff's complaint did not contain an allegation giving defendant notice of his impaired earning capacity claim, as distinguished from lost wages, *see Conachan v. Williams,* 266 Or 45, 54, 511 P2d 392 (1973); 1 Damages 7-4 (Oregon CLE 1980); but defendant did not and does not object on this ground. The jury returned a verdict for plaintiff and awarded general damages, reduced by plaintiff's contributory negligence. Defendant contends only that there was insufficient evidence to support a jury instruction on impairment of future earning capacity.

Plaintiff suffered injuries to his head, neck, hands and wrists. The fractured bones in his wrists were the most serious injuries; both wrists required casts. After twenty weeks off work he returned to full-time employment as a carpenter with his former employer. Plaintiff testified that he still experienced pain in his hands and wrists at the time of trial and that his injuries caused him problems on the job because his wrists ached when hammering. His wrists also are a problem in lifting, and they ache at night. Plaintiff's treating physician testified about possible complications during the healing process, saying that plaintiff's injury with its accompanying pain could take up to two and one-half years to heal fully and that plaintiff still lacked full movement of his right wrist.

Plaintiff also testified that prior to the injury he had done remodeling work for defendant and sometimes worked 100 hours a week. At the time of the accident, plaintiff was working for defendant week-ends and after hours in addition to full-time work elsewhere. His hourly wage at both jobs was in evidence. Plaintiff has returned to his regular 40 hours a week employment, but there is no evidence of whether he has sought or would be able to engage in additional after-hours work.

In *Lehr v. Gresham Berry Growers et al,* 231 Or 202, 214, 372 P2d 488 (1962), *overruled on other grounds* the Supreme Court said:

"What one has earned in the past is not the measure of damages by which the jury is to determine the injured person's future loss but is only evidence as to that person's prior ability to earn. The measure of damages to future earning power is to be determined by the jury taking into consideration the prior abilities of the individual and the extent to which the injuries affect those abilities, together with his age, health and general habits of industry. What has been earned by the exercise of those abilities is some evidence of what may be expected in the future.

"Taking into consideration the uncertainty of all future events, there are no general rules by which such a loss can be determined with reasonable certainty; the extent of this future loss must to a large extent be left to the judgment of the trier of facts. * * *"

More recently the Supreme Court has stated,

" '* * * It is obvious that plaintiff's loss both before and after trial can be approximated only and that the calculation of the loss must rest upon factors which can be employed only in terms of probabilities, including the probable period of impairment, the plaintiff's capacity to earn over that period, i.e., what his services would have brought in the labor market taking into account not only plaintiff's capacity at the time of injury but also his probable chances for promotion (or demotion), the probability that the plaintiff would have employed his skill or talent, taking advantage of available opportunities to work, and other pertinent factors.' " *Conachan v. Williams, supra,* 266 Or at 55-56 (footnotes omitted), overruling majority and adopting dissent in *Baxter v. Baker,* 253 Or 376, 392, 451 P2d 456, 454 P2d 855 (1969).

Plaintiff presented evidence of his earning capacity before the injury, of the extent and probable length of the resulting disability and of the injury's debilitating effect upon his work. The jury could infer that the pain plaintiff experienced at night and on the job might impair his ability to work more than forty hours per week, an ability which the evidence showed he had before the injury. His failure to express at trial his desire or intent to return to moonlighting should not prevent him from recovering for his impaired *capacity,* which is the issue here. *See Tavenner v. Figini,*

273 Or 415, 418, 541 P2d 437 (1975). Where continuing pain is shown, a jury question is presented. For example, in *Hicks v. Stafek Trucking,* 264 Or 50, 53, 502 P2d 1154 (1972), the Supreme Court stated:

> "* * * There was no direct testimony that plaintiff's disabling injuries would continue into the future. However, at the time of trial the evidence indicated that plaintiff still suffered pain and emotional distress and had not fully regained his health. The jury would be entitled, therefore, to infer that plaintiff would continue to have some disability from his physical and emotional injuries." 264 Or at 53.

There was sufficient evidence here to allow the jury to weigh the probability of impaired earning capacity and to evaluate the damage. "Of necessity the jury must speculate to some extent in cases involving claims for impairment of future earning capacity." *Conachan v. Williams, supra,* 266 Or at 64; *see also Johnson v. Shoemaker,* 251 Or 475, 444 P2d 943 (1968).

Affirmed.