Argued and submitted September 15, 1983, reversed and remanded with instructions; affirmed on cross-appeal January 25, 1984

SPIVEY,
*Appellant - Cross-Respondent,*

*v.*

TER HAR et al,
*Respondents - Cross-Appellants.*

(CC81-492; CA A26373)

674 P2d 1217

Hayes Patrick Lavis, Astoria, argued the cause for appellant - cross-respondent. With him on the brief was Anderson, Fulton, Lavis & Van Thiel, Astoria. On the reply brief were Sheldon H. Rich and Anderson, Fulton, Lavis & Van Thiel, Astoria.

Jeanyse R. Snow, Astoria, argued the cause for respondents - cross-appellants. With her on the briefs was MacDonald, McCallister & Snow, Astoria.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

This is an appeal from an order setting aside a jury verdict for plaintiff in a personal injury action on the ground that there was no evidence at trial to support the instruction to the jury to consider plaintiff's impairment of future earning capacity. We reverse.[1]

Plaintiff suffered neck and back injuries in a collision with an automobile driven by the individual defendant and owned by the corporate defendant. At trial, the jury was instructed to consider reasonable compensation for any impairment of earning capacity plaintiff had sustained in the past and which it is reasonably probable he will sustain in the future. Defendants excepted to this instruction, alleging that there had been no evidence presented as to the loss of future earning capacity. After the jury returned a verdict for plaintiff, the trial court entered an order setting aside the judgment for plaintiff.

An instruction to consider impairment of future earning capacity is proper when there is evidence from which the jury can infer at the time of trial that plaintiff's disabling injuries would continue into the future. *Conachan v. Williams,* 266 Or 45, 58, 511 P2d 392 (1973); *Hicks v. Stafek Trucking,* 264 Or 50, 53, 502 P2d 1154 (1972).

The issue here is whether there was any evidence to support the instruction. *Daskalos v. Kell,* 280 Or 531, 534, 571 P2d 141 (1977). The parties in this case disagree as to the inferences properly drawn from the evidence presented. The jury heard plaintiff and plaintiff's spouse describe his injuries from the accident, as well as his physical condition up to and including the time of the trial. Defendants' medical expert testified that plaintiff had some minimal residual impairment as a result of the accident. Plaintiff's medical experts testified that plaintiff needed some continuing medical treatment.

We reverse the order granting the new trial, because we cannot affirmatively say that there is no evidence from which a jury could have found a continuing disability at the

---

[1] Defendants assert that, if the trial court erred in granting the motion for a new trial, the judgment should not be reinstated as to Ter Har's, Inc., because there was no evidence that the individual defendant was acting as the corporate defendant's agent at the time of the accident. There is no merit to that contention.

time of trial. The jury could infer that any amount of continuing disability might affect earning capacity. *See Hicks v. Stafek Trucking, supra,* 264 Or at 53. Conflicts in the evidence and the value of any impairment were issues for the jury to resolve.

Reversed and remanded with instructions to reinstate the jury verdict; affirmed on cross-appeal.