TAYLOR,
*Appellant,*

*v.*

BOHEMIA, INC. et al,
*Respondents.*

(16-81-03627; CA A28404)

688 P2d 1374

Arthur C. Johnson, Eugene, argued the cause for appellant. With him on the briefs was Johnson, Quinn, Clifton & Williams, P.C., Eugene.

Richard A. Roseta, Eugene, argued the cause for respondent. With him on the brief was Flinn, Brown & Roseta, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Plaintiff appeals a jury verdict in favor of defendants in his action to recover for injuries he suffered when he was struck by defendants' automobile while bicycling. Because we find that plaintiff was prejudiced by an erroneous jury instruction, we reverse.

On November 20, 1980, at about 6:30 p.m., plaintiff was westbound on his bicycle on 18th Avenue in Eugene, near its intersection with Jackson Street. In this particular vicinity, 18th Avenue consists of a primary traffic lane in each direction running down the center of the street, bicycle lanes located on both sides of the two primary lanes and a parking strip next to each curb. Jackson Street enters 18th on the south side only, forming a T intersection. On the night in question, plaintiff's bicycle was equipped with rear reflectors and a generator light which was lit only when the front wheel was turning. As plaintiff approached Jackson Street, he moved out into the westbound primary traffic lane, near the center line, in order to make a left turn. Because of a steady stream of eastbound cars on 18th, he was forced to stop in traffic and wait for an opening. He testified that he looked over his shoulder once or twice, but that he did not observe any cars within the block immediately behind him. While plaintiff was waiting, defendant Wright drove his car[1] into him from behind, inflicting serious injuries.

Wright testified that he did not see plaintiff until the collision. The case was submitted to the jury in a special verdict form, which first asked whether defendants were negligent. Because the jury answered that question in the negative, it did not proceed to the other questions involving plaintiff's comparative fault and the amount of damages.

In his first assignment of error, plaintiff challenges the following jury instruction, to which he duly excepted:

"At the time and place of the collision, the Motor Vehicle Code of the State of Oregon provided: 'A person operating a bicycle upon a roadway shall ride as near to the right side of the roadway as practicable.'"

---

[1] It is undisputed that the automobile which Wright was operating was owned by defendant Bohemia, Inc., and that Wright was acting within the course and scope of his employment.

This instruction is basically a restatement of *former* ORS 487.765(1)(a) (*repealed by* Or Laws 1983, ch 332, § 11). Plaintiff argues that this instruction created the erroneous impression that he had no right to be in the lane of traffic in which the collision occurred.

Although the instruction was a correct statement of *former* ORS 487.765(1)(a), there was no reason for it to be given in this case. ORS 487.765(1)(a) pertains to situations in which a bicyclist is moving with the flow of traffic. Plaintiff was, at the time of the collision, in the process of turning left. In general, vehicle operators intending to turn left are required to approach and make the turn from the extreme left-hand lane lawfully available to traffic moving in the direction of the turning vehicle. ORS 487.390(2)(a) and (b). This general provision is made specifically applicable to bicycling by ORS 487.750(1), which provides that bicyclists are subject to the same provisions as cars, except when the provisions by their very nature can have no application. ORS 487.750(1) is not a provision which by its very nature can have no application to bicycles. Accordingly, we conclude that plaintiff was legally positioned in the westbound primary traffic lane when he was struck from behind.[2]

Inasmuch as plaintiff was under no legal obligation to remain to the right, the challenged instruction had no application to the facts of the case and was erroneous and prejudicial. *See Biddle v. Mazzocco*, 204 Or 547, 558-61, 284 P2d 364 (1955); *see also Spence, Adm'x, v. Rasmussen et al.*, 190 Or 662, 226 P2d 819 (1951) (where, in the context of a case involving a bicycle that was struck from behind by an automobile, the Supreme Court held that it was reversible error to give an instruction about the necessity of bicycles having a headlight, because the purpose of the statute requiring headlights was to warn those coming head-on, not from behind).

Defendants contend that, even if the instruction was erroneous, it does not provide the basis for a reversal, because

---

[2] To decide otherwise would make bicycling an exercise in fatality. Requiring bicyclists to make left-hand turns on two-way streets from the far right side of the road would increase the risk inherent in those maneuvers by necessitating the crossing at least twice as many lanes of traffic for each turn. Negotiating left turns at large and busy intersections would become virtually impossible. Certainly, a bicyclist is entitled to dismount in the far right lane and cross the street as a pedestrian, but he is not required to do so.

it related to plaintiff's contributory negligence. It is argued that, because the jury found that defendants were not negligent, the issue of plaintiff's contributory negligence was not reached and any error in that regard was harmless. In support of this position, defendants cite several cases, all of which stand for the proposition that instructions on contributory negligence cannot constitute prejudicial error if the jury finds in a special verdict that the defendant was not negligent. *See, e.g., Hatfield v. Gracen,* 279 Or 303, 567 P2d 546 (1977); *Abood v. Johnson,* 38 Or App 305, 589 P2d 1206 (1979).

■ Defendants' reliance on that rule is misplaced. Their position at trial was that Wright owed a duty of due care only to those people who were lawfully in the primary westbound lane of traffic. During closing statements, defendants argued, on the basis of the instruction, that plaintiff was legally required to remain to the right, even while turning, and that he, therefore, was positioned illegally at the time of the collision and was not entitled to the benefit of due care. Defendants further argued that, if plaintiff was not owed any duty of due care, defendants could not have been negligent by colliding with him. Because of the manner in which defendants used this instruction, we conclude that it did not relate only to plaintiff's contributory or comparative negligence. Rather, its use created the impression that defendants were free from negligence in the first place.[3]

■ In his next assignment, plaintiff also argues that the court erred by instructing the jury that

"* * * the statutory law of the State of Oregon at the time required that a person riding a bicycle shall, upon approaching or moving across an intersection, yield the right-of-way to any vehicle within or closely approaching the intersection."

---

[3] In his second assignment of error, plaintiff argues that the court erred in overruling his objection to those portions of defendants' closing arguments which made use of the erroneous "ride right" instruction. A trial court has wide discretion over counsels' closing arguments to the jury. *R.J. Frank Realty, Inc. v. Heuvel,* 284 Or 301, 586 P2d 1123 (1978); *Amick v. Watson,* 280 Or 641, 572 P2d 317 (1977). We are not prepared to conclude that the trial court abused its discretion in this case. However, it seems apparent that plaintiff's objection to defendants' closing argument was that it was predicated on the ride right instruction. Because we have determined that the instruction was erroneous, it will not be given on retrial and, therefore, cannot provide a basis for future closing arguments.

This instruction is based on *former* ORS 487.780(1) (*repealed by* Or Laws 1981, ch 511, § 4), which provided:

"A person riding a bicycle commits the offense of failure to yield the right of way if upon approaching or moving across an intersection he does not yield the right of way to all vehicles within or closely approaching the intersection except:

"(a)   Oncoming vehicles closely approaching from the opposite direction which are signaling an intent or starting to make a left turn at the intersection; or

"(b)   Vehicles approaching the intersection which must stop before entering it because of a stop sign."

Plaintiff's objection to this instruction is very similar to the one advanced against the "ride right" instruction. That is, he contends that it imposed a duty that was not applicable under the circumstances of this case. We agree.

Rights-of-way are provided either by common law or statute. The only common law right-of-way for motor vehicles exists in favor of an oncoming vehicle which is being met by one making a left turn. No Oregon court has ever recognized a common law or statutory right-of-way between vehicles traveling in the same direction. *See Ray v. Anderson,* 240 Or 619, 622-23, 403 P2d 372 (1965). We see no reason why different rights-of-way rules should be applicable to bicycles than to motor vehicles in that respect.

Plaintiff and defendant were traveling in the same direction. No oncoming vehicle was a causal factor in their collision. Therefore, we conclude that the giving of this instruction was also erroneous. However, given our resolution of plaintiff's first assignment, we need not consider whether that error was, in and of itself, prejudicial and reversible. Suffice it to say that we deem this instruction inappropriate, should the case be retried.

For his final assignment of error, plaintiff contends that the trial court erred by refusing to instruct the jury that a bicyclist has no duty to keep a lookout over his shoulder for vehicles approaching from the rear. He suggests that the failure to give this instruction created the impression that bicyclists use the roads at their own peril. We disagree.

Although a bicyclist has the right to assume that those approaching from the rear will observe him and take

proper steps to avoid colliding with him, *Spence, Adm'x, v. Rasmussen, et al., supra; Herinckx v. Hagen,* 44 Or App 437, 605 P2d 1372 (1979), *rev den* 289 Or 45 (1980), he also has a duty to maintain a lookout in any direction from which danger could reasonably be anticipated. As stated in *Valdin v. Holteen and Nordstrom,* 199 Or 134, 154, 260 P2d 504 (1953).

> "* * * Although such lookout is largely confined to the road ahead and to the right and left at intersections, nevertheless, when the attention of the operator of a vehicle ahead has been called to the presence of a vehicle behind, such operator must maintain a lookout for the car approaching from the rear. * * *"

The rule is especially applicable when the vehicle ahead is executing a turn. *Spence, Adm'x, v. Rasmussen, et al., supra; Herinckx v. Hagen, supra.* Thus, plaintiff's requested instruction was improper. The trial court was correct in refusing to give it.

Reversed and remanded.